UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

CAROLINA RAMOS DOMINGUEZ,

     Plaintiff,

vs.

GULFSTREAM PARK RACING ASSOCIATION,
INC., SAFFIE JOSEPH JR. RACING, INC. and
SAFFIE JOSEPH, JR., individually,

     Defendants.
_____/

## CERTIFICATION PURSUANT TO 28 U.S.C. §§ 1446(a) AND 1447(b)

NOW INTO COURT, through undersigned counsel, comes Defendant GULFSTREAM

PARK RACING ASSOCIATION, INC. ("Defendant") herein, who hereby certifies that the

process, pleadings, motions, and orders attached hereto are all the process, pleadings, motions

and orders contained in the state court action entitled *Carolina Ramos Dominguez v. Gulfstream

Park Racing Association, Inc., Saffie Joseph Jr. Racing, Inc. and Saffie Joseph, Jr.,* Case No.

2017-21758-CA-01, and further, that, at present, the only parties to this action are Plaintiff

Carolina Ramos Dominguez, represented by Jason S. Remer, Esq. and Miriam Brooks, Esq.,

Remer & Georges-Pierre, PLLC, 44 West Flagler Street, Suite 2200, Miami, FL   33130,

Defendant Gulfstream Park Racing Association, Inc., represented by Andrew L. Rodman, Esq.,

Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., Museum Tower, 150 West Flagler

Street, Suite 2200, Miami, Florida 33130, and Defendants Saffie Joseph Jr. Racing, Inc. and

Saffie A. Joseph, Jr., represented by represented by Ernesto S. Medina, Esq.,   782 NW 42nd

Ave., Suite 350, Miami, FL 33126-5550.

Respectfully submitted,

STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 789-3200
Fax:  (305) 789-3395
*Attorneys for Gulfstream Park Racing Association,
Inc.*

By: _s/Andrew L. Rodman_____
    ANDREW L. RODMAN
    Florida Bar No. 0192198
    E-mail: arodman@stearnsweaver.com


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 16, 2019, I electronically filed the foregoing

document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is

being served this day on all counsel of record or pro se parties identified on the Service List in

the manner specified, either via transmission of Notices of Electronic Filing generated by

CM/ECF or in some other authorized manner for those counsel or parties who are not authorized

to receive Notices of Electronic Filing.

    s/Andrew L. Rodman_____
    ANDREW L. RODMAN, ESQ.

## SERVICE LIST

CASE NO. _____

United States District Court, Southern District of Florida


Jason S. Remer, Esq.
Florida Bar No. 0165580
jremer@rgpattorneys.com
Miriam Brooks, Esq.
Florida Bar No. 118144
mbrooks@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL  33130
Tel: 305-416-5000
Fax: 305-416-5005
*Attorneys for Plaintiff*

*Service via CM/ECF and E-mail*


Ernesto S. Medina, Esq.
Florida Bar No. 299855
Emedina0653@yahoo.com
782 NW 42nd Ave., Suite 350
Miami, FL 33126-5550
Tel:  305-260-0541
*Attorney for Defendants,*
*Saffie Joseph Jr. Racing, Inc. and Saffie A. Joseph, Jr.*

*Service via CM/ECF and E-mail*

#7107144 v1

3

Filing # 61326122 E-Filed 09/05/2017 02:40:09 PM

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law.  This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes.  (See instructions for completion.)

**I.    CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

*2017-21758 CA 01*

Case No.:_____
Judge: _____

<u>CAROLINA RAMOS DOMINGUEZ</u>
Plaintiff
vs.
<u>CALDER RACE COURSE, INC, SAFFIE JOSEPH JR. RACING, INC, SAFFIE A. JOSEPH, JR</u>
Defendant

**II.    TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999

- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☒ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III.   **REMEDIES SOUGHT** (check all that apply):
   ☒   Monetary;
   ☐   Non-monetary declaratory or injunctive relief;
   ☒   Punitive

IV.   **NUMBER OF CAUSES OF ACTION: (    )**
   (Specify)

   <u>3</u>

V.   **IS THIS CASE A CLASS ACTION LAWSUIT?**
   ☐   Yes
   ☒   No

VI.   **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
   ☒   No
   ☐   Yes – If "yes" list all related cases by name, case number and court:


VII.   **IS JURY TRIAL DEMANDED IN COMPLAINT?**
   ☒   Yes
   ☐   No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature <u>s/ Jason S Remer</u>        FL Bar No.: <u>165580</u>
        Attorney or party                                                    (Bar number, if attorney)

        <u>Jason S Remer 09/05/2017</u>
        (Type or print name)                                        Date

Filing # 61326122 E-Filed 09/05/2017 02:40:09 PM

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

CASE NO._____

**CAROLINA RAMOS DOMINGUEZ,**
And other similarly situated individuals,

       Plaintiff(s),

v.

**CALDER RACE COURSE, INC.,** a Florida
Profit Corporation, **SAFFIE JOSEPH
JR. RACING, INC.,** a Florida Profit
Corporation, and **SAFFIE A. JOSEPH,
JR.,** individually;

       Defendants.

_____/

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

COMES NOW the Plaintiff **CAROLINA RAMOS**, and other similarly situated

individuals, by and through the undersigned counsel, hereby sues Defendant, CALDER RACE

COURSE, INC., a Florida Profit Corporation, Defendant, SAFFIE JOSEPH JR. RACING, INC,

a Florida Profit Corporation, and Defendant, SAFFIE A. JOSEPH, JR., individually;

(collectively herein referred to as ("Defendants"), and in support states as follows:

### GENERAL ALLEGATIONS

1.    This is an action by the Plaintiff for damages exceeding $15,000.00 excluding attorneys'

      fees or costs, for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-

      219 ("FLSA").

2.    This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3. Plaintiff was, at all times relevant to this action, a resident of Broward County Florida, within the jurisdiction of this Honorable Court. Plaintiff is covered employee for purposes of the FLSA.

4. Defendant, CALDER RACE COURSE, INC., a Florida Profit Corporation, has a location and operates in Miami-Dade County, Florida where Plaintiff worked for Defendant, and at all times material hereto, was and is engaged in interstate commerce.

5. Defendant, SAFFIE JOSEPH JR. RACING, INC., a Florida Profit Corporation, has a location and operates in Miami-Dade County, Florida where Plaintiff worked for Defendant, and at all times material hereto, was and is engaged in interstate commerce.

6. Defendant, SAFFIE A. JOSPEH, JR., is a corporate officer, and exercised operational control over the activities of the corporate Defendant, SAFFIE JOSEPH JR. RACING, INC.

7. Both corporate Defendants CALDER RACE COURSE, INC. and SAFFIE JOSPEH JR. RACING, INC. acted directly or indirectly, to such an extent, in the interest of each other in relation to the administration of employees, like PLAINTIFF, and as such, a commonality between the corporate DEFENDANTS exist.

8. Venue is proper in Miami-Dade County because all of the actions that form the basis of this Complaint occurred within Miami-Dade County and payment was due in Miami-Dade County.

9. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10. Plaintiff performed work for Defendants from on or about January 3, 2014, through on or about May 25, 2017 as a non-exempt horse groomer.

11. While employed, Plaintiff was required to follow all rules and regulations set forth by the Corporate DEFENDANTS, was required to wear identification for the Calder Race Track, and was required to undergo background and criminal checks per Calder Race Track's requirements.

12. Plaintiff, by virtue of Plaintiff's rate of pay and/or job duties was a non-exempt employee.

13. Plaintiff worked seven days per week and approximately 10 hours per day.

14. Plaintiff typically received $700.00 per week where Plaintiff was paid approximately $300.00 in cash and $400.00 in a check.

15. Throughout Plaintiff's employment with Defendants, Plaintiff did not receive proper payment for all hours worked.

16. Defendants had, or should have had, full knowledge of all hours worked by Plaintiff and including those hours worked in excess of forty (40) in a given work week.

17. Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) each week, as proscribed by the laws of the United States.

18. Plaintiff claims there is other similarly situated current and former horse groomers working, or previously working, for Defendants.

19. Plaintiff, and other similarly-situated current and former horse groomers of Defendants, performed similarly duties for Defendants and were subject to similar policies as to compensation.

20. Plaintiff and other similarly-situated current and former horse groomers of Defendants, would benefit from joining this collective action alleged herein.

COUNT I

*Wage & Hour Federal Statutory Violation against*
*CALDER RACE COURSE, INC.*

21.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 20 of this Complaint as if set out in full herein.

22.     This action is brought by Plaintiff to recover from Defendant unpaid overtime wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*

23.     Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

24.     At all times pertinent to this Complaint, corporate Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the corporate Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

25.     Upon information and belief, at all times material hereto, corporate Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendant named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that corporate Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

26.     By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

27.     Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

28.     Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

29.     To the extent that Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments, the statute of limitations for Plaintiff's FLSA claims is equitably tolled. *See, e.g., Cruz v. Maypa*, 773 F.3d 138, 147 (4th Cir. 2014) (extending failure-to-post tolling in the ADEA context to the FLSA); *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) ("[F]ailure to provide required notice of the governing legal requirements may be a sufficient basis for tolling."); *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Pa. 1984) ("An employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations.").

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

C.  Award Plaintiff an equal amount in double damages/liquidated damages;

D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances; and

F.  Grant Plaintiff a trial by jury.

## COUNT II
### Wage & Hour Federal Statutory Violation against
### SAFFIE JOSEPH JR. RACING, INC.

30.  Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 20 of this complaint as if set out in full herein.

31.  This action is brought by Plaintiff to recover from Defendant unpaid overtime wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*

32.  Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

33.  At all times pertinent to this Complaint, corporate Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the corporate Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

34.     Upon information and belief, at all times material hereto, corporate Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendant named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that corporate Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

35.     By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

36.     Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

37.     Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

38.     To the extent that Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments, the statute of limitations for Plaintiff's FLSA claims is equitably tolled. See, e.g., Cruz v. Maypa, 773 F.3d 138, 147 (4th Cir. 2014) (extending failure-to-post tolling in the ADEA context to the FLSA); Yu G. Ke v. Saigon Grill, Inc.,

595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) ("[F]ailure to provide required notice of the governing legal requirements may be a sufficient basis for tolling."); *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Pa. 1984) ("An employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations.").

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

  A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

  B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

  C. Award Plaintiff an equal amount in double damages/liquidated damages;

  D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

  E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances; and

  F. Grant Plaintiff a trial by jury.

### COUNT III
*Wage & Hour Federal Statutory Violation against*
*SAFFIE A. JOSEPH, JR.*

29.   Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 20 of this complaint as if set out in full herein.

30.   At the times mentioned, Defendant was, and is now, the Owner of corporate Defendant, SAFFIE JOSEPH JR. RACING, INC.

31.   Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

32.   Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

33.   Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiffs' employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A.   Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.   Adjudge and decree that Defendant exhibited operational control and, as such, is jointly and severally responsible for the damage at issue;

C.   Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

D.   Award Plaintiff an equal amount in double damages/liquidated damages;

E.   Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

F.   Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances; and

G.   Grant Plaintiff a trial by jury.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: ___8-28-17___

Respectfully submitted,

Jason S. Remer, Esq.
Florida Bar No. 165580
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler St., Suite 2200
Miami, FL 33130
Telephone: 305-416-5000
Facsimile: 305-416-5005
jremer@rgpattorneys.com
bshulman@rgpattorneys.com
ts@rgpattorneys.com
ad@rgpattorneys.com

Filing # 61911460 E-Filed 09/25/2017 07:19:02 AM

## CIVIL JUSTICE INITIATIVE PILOT PROJECT

### Eleventh Judicial Circuit/National Center for State Courts

Congratulations! Case number **2017-021758-CA-01** has been blind-filed to a division which is participating in a national pilot project to reduce cost and delay in civil justice.

The Circuit Civil Division of the Eleventh Circuit is fortunate to have been selected as a grant recipient to pilot the active team case management component with the goal of more efficient and effective justice, with less waste of time and money. In order to assure full statistical representation of the docket, there is no opt-out procedure.

**The following is an overview of what this means for you and this case:**

The rules for the pilot project do not deviate from the Florida Rules of Civil Procedure and the Florida Rules of Judicial Administration, but compliance will be monitored and enforced to ensure that there are not long periods of inactivity.

You may be contacted from time to time by court staff Case Managers, who will report to the court the status of your case. You should treat these Case Managers as an arm of the court.

Each case will receive a customized case management order based on information provided by all attorneys in your case management report(s) and conferences.

The Court will provide access to the court at periodic junctures to assure that you are not experiencing delay in moving the case forward because you are waiting for hearing dates. These will be set as Case Management Conferences under F.R.C.P. 1.200, so that all pending matters may be resolved at that time.

1.  If this case is <u>uncontested</u>, **you must**:
     a.  Be required to file the necessary documents and motions to prosecute the case on a timely basis.
     b.  Failure to timely file necessary documents and motions will result in the issuance of an order to show cause why the case should not be dismissed. <u>Your client will be required to attend any show cause hearing.</u>

2.  If this case is <u>contested</u>, **you must**:
     a.  Diligently prosecute and defend this case;
     b.  Gather your facts and witnesses promptly;
     c.  Evaluate and plan, from commencement, the most efficient and effective manner to secure the information you need and to accurately determine the length of time needed for discovery. The more information you provide, the more input you will have on the deadlines that will be set in this case;
     d.  Meet and Confer directly with opposing counsel by phone, in person, or by email before you file a motion to see if the issue(s) can be <u>resolved</u> or <u>narrowed</u>; you must certify in motions filed that a meet and confer has occurred and/or state with specificity the attempts made to meet and confer;
     e.  Promptly set motions and objections for hearing when they are filed. Failure to set motions for hearing may result in disposition by the court on the papers, without a hearing;
     f.  Counsel should use the ex-parte discovery procedures in Administrative Order 06-09 where there has been no response to discovery. The procedure may be found at: http://www.jud11.flcourts.org/Administrative_Orders/1-06-09-Ex%20Parte%20Motion%20to%20Compel%20Discovery%20Civil%20Actions.pdf
     g.  Comply with discovery deadlines and privilege log requirements;

    h.  Schedule mediation well in advance of the trial period in order to avoid unnecessary trial preparation expense; and

    i.  Assume the case is going to trial during the first trial setting and prepare accordingly, as the parties are expected to comply with discovery deadlines set in the Case Management Order.

3.  If this case is <u>contested</u>, **the court will**:

    a.  Issue a customized case management order based on the information provided by all the attorneys, which will include a discovery schedule with deadlines and a projected, tentative but realistic trial date;

    b.  Strictly enforce the discovery schedule and deadlines;

    c.  Issue orders for Case Management Conferences, in which the clients are required to appear in person, whenever the case is not progressing according to the case management order so that counsel can explain the reason for delays; and

    d.  As soon as the case is at issue, issue the trial order for a firm trial date consistent with the case management plan. Please remember, lack of preparation will not be grounds to continue a case where parties have failed to comply with the Case Management Order.

This project arose from a three year effort by the Conference of Chief Justices, the National Center for State Courts, and the Institute for the Advancement of the American Legal System to establish evidence-based best practices to reduce cost and delay in civil litigation. The report prepared as a result of this three year effort may be read in its entirety at:

http://www.ncsc.org/sitecore/content/microsites/civil-justice-initiative/home/CCJ-Reports.aspx

We welcome your input, suggestions, collaboration and participation in this project. We believe that by testing these innovative approaches, we will demonstrate that meaningful, timely and cost-effective justice can be delivered in state court. **Please share this communication with your clients, so they understand what they can expect from the Court and what we expect from you.**

Please email any questions to: cjipp@jud11.flcourts.org

Thank you for your cooperation.


_____
Judge Monica Gordo, Div. 02

_____
Judge Thomas J. Rebull, Div. 13

_____
Judge Reemberto Diaz, Div. 30

_____
Judge Rodney Smith, Div. 34

_____
Judge Jennifer D. Bailey, Administrative Judge, Circuit Civil Div.

Filing # 62211619 E-Filed 09/29/2017 03:41:16 PM

## RETURN OF SERVICE

State of Florida        County of MIAMI-DADE        Circuit Court

Case Number: 2017-21758-CA-01

Plaintiff:
**CAROLINA RAMOS DOMINGUEZ**

vs.

Defendant:
**CALDER RACE COURSE, INC, ET. AL.,**

For:
Jason S. Remer
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street
Ste 2200
Miami, FL 33130

Received by OJF SERVICES, INC. on the 27th day of September, 2017 at 4:35 pm to be served on **CALDER RACE COURSE, INC.**, 1200 S. PINE ISLAND RD, PLANTATION, FL 33324.

I, ANDREW KARP, do hereby affirm that on the **28th day of September, 2017 at 2:30 pm, I:**

**CORPORATE - REGISTERED AGENT:** served by delivering a true copy of the **SUMMONS AND COMPLAINT** with the date and hour of service endorsed thereon by me, to: **DONNA MOCH** EMPLOYEE AT CT CORPORATION SYSTEM as **Registered Agent** At the address of: **1200 S. PINE ISLAND RD, PLANTATION, FL 33324** for **CALDER RACE COURSE, INC.**, and informed said person of the contents therein, in compliance with state statutes.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A SPECIAL PROCESS SERVER APPOINTED BY THE SHERIFF, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.

ANDREW KARP
SPS #260

**OJF SERVICES, INC.**
**13727 S.W. 152nd Street**
**P.M.B. 354**
**Miami, FL 33177**
**(786) 293-5750**

Our Job Serial Number: OJF-2017012427

Copyright © 1992-2017 Database Services, Inc. - Process Server's Toolbox V7.2g

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

CASE NO. 2017-021758-CA-01

CAROLINA RAMOS DOMINGUEZ;
And other similarly situated individuals,

    Plaintiff(s),

v.

CALDER RACE COURSE, INC., a Florida
Profit Corporation, SAFFIE JOSEPH
JR. RACING, INC., a Florida Profit
Corporation, and SAFFIE A. JOSEPH,
JR., individually;

    Defendant(s),

_____/

SUMMONS IN A CIVIL CASE

TO:     CALDER RACE COURSE, INC.
          Registered agent: CT CORPORATION SYSTEM
          1200 South Pine Island Raod
          Plantation, Florida 33324

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

          JASON S. REMER, ESQ.
          REMER & GEORGES-PIERRE, PLLC.
          44 WEST FLAGLER STREET. STE. 2200
          MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be
taken against you for the relief demanded in the complaint. You must also file your answer with the
Clerk of this Court within a reasonable period of time after service.

SEP 27 2017
DATE

CLERK

(BY) DEPUTY CLERK

12427

Filing # 63117307 E-Filed 10/20/2017 01:55:22 PM

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT
IN AND FOR MIAMI DADE COUNTY, FLORIDA

CASE No.: 2017-21758 CA 01

CAROLINA RAMOS DOMINGUEZ,

      Plaintiff,

vs.

CALDER RACE COURSE, INC., *et. al.*

      Defendants.

_____/

### NOTICE OF APPEARANCE AND
### REMER & GEORGES-PIERRE, PLLC'S DESIGNATION OF E-MAIL ADDRESSES
### PURUSANT TO RULE 2.516 OF FLORIDA RULES OF JUDICIAL ADMINISTRATION

      PLEASE TAKE NOTICE that the undersigned, **BRODY M. SHULMAN,** hereby appears as Attorney of Record on behalf of the Plaintiff in the above-styled cause. The undersigned requests that copies of all pleadings, notices, correspondence, and communications of any type, be furnished to him in accordance therewith.

      Further, Remer & Georges-Pierre, PLLC, as counsel for Plaintiff hereby designates the following primary email addresses to be used for mandatory electronic service pursuant to Rule 2.516 of the Florida Rules of Judicial Administration:

### PRIMARY E-MAIL ADDRESSES

| | |
|---|---|
| Jason S. Remer, Esq. | jremer@rgpattorneys.com<br>ng@rgpattorneys.com |
| Brody M. Shulman, Esq. | bshulman@rgpattorneys.com |
| Miriam Colmenarez, Esq. | mcolmenarez@rgpattorneys.com |

Date: 10/20/17

Respectfully submitted,

**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305)416-5000
Facsimile: (305)416-5005

By: **/s/ Brody M. Shulman**
    Jason S. Remer, Esq.
    Fla. Bar No.: 0165580
    Brody M. Shulman, Esq.
    Fla. Bar No.: 092044

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was uploaded to the

MyFl web portal on October 20, 2017.

Filing # 63117307 E-Filed 10/20/2017 01:55:22 PM

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT
IN AND FOR MIAMI DADE COUNTY, FLORIDA

CASE No.: 2017-21758 CA 01

CAROLINA RAMOS DOMINGUEZ,

     Plaintiff,

vs.

CALDER RACE COURSE, INC., *et. al.*

     Defendants.

                            /

## NOTICE OF APPEARANCE AND
## REMER & GEORGES-PIERRE, PLLC'S DESIGNATION OF E-MAIL ADDRESSES
## PURUSANT TO RULE 2.516 OF FLORIDA RULES OF JUDICIAL ADMINISTRATION

PLEASE TAKE NOTICE that the undersigned, **BRODY M. SHULMAN,** hereby appears as Attorney of Record on behalf of the Plaintiff in the above-styled cause. The undersigned requests that copies of all pleadings, notices, correspondence, and communications of any type, be furnished to him in accordance therewith.

Further, Remer & Georges-Pierre, PLLC, as counsel for Plaintiff hereby designates the following primary email addresses to be used for mandatory electronic service pursuant to Rule 2.516 of the Florida Rules of Judicial Administration:

### PRIMARY E-MAIL ADDRESSES

| | |
|---|---|
| Jason S. Remer, Esq. | jremer@rgpattorneys.com<br>ng@rgpattorneys.com |
| Brody M. Shulman, Esq. | bshulman@rgpattorneys.com |
| Miriam Colmenarez, Esq. | mcolmenarez@rgpattorneys.com |

Date: 10/20/17

Respectfully submitted,

**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305)416-5000
Facsimile: (305)416-5005

By: **/s/ Brody M. Shulman**
    Jason S. Remer, Esq.
    Fla. Bar No.: 0165580
    Brody M. Shulman, Esq.
    Fla. Bar No.: 092044

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was uploaded to the

MyFl web portal on October 20, 2017.

Filing # 63117307 E-Filed 10/20/2017 01:55:22 PM

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT
IN AND FOR MIAMI DADE COUNTY, FLORIDA

CASE No.: 2017-21758 CA 01

CAROLINA RAMOS DOMINGUEZ,

  Plaintiff,

vs.

CALDER RACE COURSE, INC., *et. al.*

  Defendants.

_____/

## MOTION FOR COURT DEFAULT

  COMES NOW, the Plaintiff, **CAROLINA RAMOS DOMINGUEZ**, by and through undersigned counsel and pursuant to Fla. R. Civ. P. 1.500, hereby moves for entry of a default by the Court against the Defendant **CALDER RACE COURSE, INC.** for failure to serve any paper on the undersigned or file any paper as required.  Proof of service is attached hereto as Exhibit A.

  Dated this: October 20, 2017

        Respectfully submitted,

        **/s/ Brody M. Shulman**
        Jason S. Remer, Esq.
        Florida Bar No.: 0165580
        Brody M. Shulman, Esq.
        Florida Bar No.: 092044

        Remer & Georges-Pierre, PLLC
        44 West Flagler Street, Suite 2200
        Miami, FL 33130
        (305) 416-5000- Telephone
        (305) 416-5005- Facsimile

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was sent on October

2, 2017 via U.S. Mail to the following:

CALDER RACE COURSE, INC.
*Through its Registered Agent*
1200 S. Pine Island Road
Plantation, FL 33324

/s/ **Brody M. Shulman**
Jason S. Remer, Esq.
Florida Bar No.: 0165580
Brody M. Shulman, Esq.
Florida Bar No.: 092044

# EXHIBIT A

## RETURN OF SERVICE

State of Florida                  County of MIAMI-DADE                  Circuit Court

Case Number: 2017-21758-CA-01

Plaintiff:
**CAROLINA RAMOS DOMINGUEZ**

vs.

Defendant:
**CALDER RACE COURSE, INC, ET. AL.,**

For:
Jason S. Remer
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street
Ste 2200
Miami, FL 33130

Received by OJF SERVICES, INC. on the 27th day of September, 2017 at 4:35 pm to be served on **CALDER RACE COURSE, INC., 1200 S. PINE ISLAND RD, PLANTATION, FL 33324.**

I, ANDREW KARP, do hereby affirm that on the 28th day of September, 2017 at 2:30 pm, I:

**CORPORATE - REGISTERED AGENT:** served by delivering a true copy of the **SUMMONS AND COMPLAINT** with the date and hour of service endorsed thereon by me, to: **DONNA MOCH** EMPLOYEE AT CT CORPORATION SYSTEM as **Registered Agent** At the address of: **1200 S. PINE ISLAND RD, PLANTATION, FL 33324** for **CALDER RACE COURSE, INC.**, and informed said person of the contents therein, in compliance with state statutes.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A SPECIAL PROCESS SERVER APPOINTED BY THE SHERIFF, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.

ANDREW KARP
SPS #260

OJF SERVICES, INC.
13727 S.W. 152nd Street
P.M.B. 354
Miami, FL 33177
(786) 293-5750

Our Job Serial Number: OJF-2017012427

Copyright © 1992-2017 Database Services, Inc. - Process Server's Toolbox V7.2g



Filing # 63239728 E-Filed 10/24/2017 12:36:15 PM

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CAROLINA RAMOS DOMINGUEZ

      Plaintiff(s),

v.                             CASE No.: 17-21758-CA-01

CALDER RACE COURSE, INC. et al

      Defendants.

_____/

## NOTICE OF HEARING

TO:    Calder Race Course, Inc.
       Through its Registered Agent
       1200 S. Pine Road
       Plantation, FL 33324

**YOU ARE HEREBY NOTIFIED** that the undersigned has called up for hearing the following:

**MATTER:** Motion for Court Default
**DATE:**  Wednesday, November 15, 2017
**TIME:**  9:00am
**JUDGE:** Honorable Judge Rodney Smith
**PLACE:** Miami Dade County Courthouse, 73 West Flagler Street, Miami, FL 33130, DCC 1401

Dated this 24th day of October 2017

                             Respectfully submitted,

                             */s/: Brody Shulman*
                             Jason Remer, Esq.
                             Florida Bar No.: 0165580

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished to:

**TO:**    Calder Race Course, Inc.
Through its Registered Agent
1200 S. Pine Road
Plantation, FL 33324

By: */s/: Brody Shulman*
Jason Remer, Esq.
Florida Bar Number: 165580
Brody Shulman, Esq.
Bar No. 92044
Remer & Georges-Pierre, PLLC
44 West Flagler Street, Suite 2200
Miami, FL 33130
305-416-5000
jremer@rgpattorneys.com
bshulman@rgpattorneys.com

Filing # 63272714 E-Filed 10/24/2017 05:09:19 PM

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT
IN AND FOR MIAMI DADE COUNTY, FLORIDA

CASE NO.: 2017-21758 CA 01

CAROLINA RAMOS DOMINGUEZ,

     Plaintiff,

v.

CALDER RACE COURSE, INC., a Florida
Profit Corporation, SAFFIE JOSEPH JR.
RACING, INC., a Florida Profit Corporation
and SAFFIE A. JOSEPH JR., individually,

     Defendant.

     _____/

## NOTICE OF APPEARANCE AND
## DESIGNATION OF E-MAIL ADDRESSES

     COLE, SCOTT & KISSANE, P.A. hereby gives notice of its appearance on behalf

of CALDER RACE COURSE, INC., and requests that copies of all motions, notices, and

other pleadings heretofore or hereafter filed or served in this cause be furnished to the

undersigned.

     COLE, SCOTT & KISSANE, P.A., pursuant to Fla. R. Jud. Admin. 2.516(b)(1)(A),

hereby designates the following primary and secondary e-mail addresses for e-mail

service in the above-referenced case:


Primary E-mail:          Barry.Postman@csklegal.com
                         Nina.Schmidt@csklegal.com
Secondary E-mail:     Leslie.Vargo@csklegal.com

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed using the Florida Courts ePortal System on this 24th day of October, 2017, which system will provide a copy by electronic mail to the parties identified on the Service List:

COLE SCOTT & KISSANE, P.A.
*Attorneys for Defendant CALDER RACE COURSE, INC.*
222 Lakeview Avenue, Suite 120
West Palm Beach, FL 33401
Tel:   (561) 383-9200
Fax:   (561) 683-8977


By: _/s/ Nina C. Schmidt_
BARRY A. POSTMAN
Fla. Bar No. 991856
NINA C. SCHMIDT
Fla. Bar No. 118900


## Service List

Brody M. Shulman, Esq.
Jason S. Remer, Esq.
Miriam Colmenarez, Esq.
Remer & Georges-Pierre, PLLC
44 West Flagler Street, Suite 2200
Miami, FL  33130
jremer@rgpattorneys.com
ng@rgpattorneys.com
bshulman@rgpattorneys.com
mcolmenarez@rgpattorneys.com

Filing # 63315748 E-Filed 10/25/2017 02:52:14 PM

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT
IN AND FOR MIAMI DADE COUNTY, FLORIDA

CASE NO.: 2017-21758 CA 01

CAROLINA RAMOS DOMINGUEZ,

       Plaintiff,

v.

CALDER RACE COURSE, INC., a Florida
Profit Corporation, SAFFIE JOSEPH JR.
RACING, INC., a Florida Profit Corporation
and SAFFIE A. JOSEPH JR., individually,

       Defendant.

_____/

## DEFENDANT, CALDER RACE COURSE, INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT AND MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

Defendant, CALDER RACE COURSE, INC. (hereinafter "Defendant"), by and through its undersigned counsel, hereby responds to Plaintiff's Motion for Default and moves this Honorable Court for an extension of time to respond to Plaintiff's Complaint, and as grounds therefore, state as follows:

1.    The Defendant was served with the Complaint on or about September 28, 2017.

2.    On October 20, 2017, Plaintiff filed a Motion for Default against Defendant.

3.    Undersigned counsel was not retained until October 24, 2017 – after Plaintiff's Motion for Default was filed.

4.    Accordingly, neither the Clerk nor Court should enter default against Defendant.

5.    Further, the undersigned has only recently been provided a copy of the complaint and is currently in the process of investigating the Plaintiff's claims. Based on the allegations in

the Complaint, Defendant intends on removing the action to federal court and requests a 10-day extension of time to respond to Plaintiff's Complaint.[1]

6.      This is the Defendant's first request for an extension of time to respond to the Complaint, and it is made in good faith and not for purposes of delay.

7.      Undersigned counsel has conferred with opposing counsel in a good faith effort to resolve the issues raised by this motion. Opposing counsel has been unresponsive to the undersigned counsel's calls and emails.

**WHEREFORE**, Defendant, CALDER RACE COURSE, INC., respectfully requests that this Honorable Court deny Plaintiff's Motion for Default and grant the Defendant's Motion for Extension of Time to Respond to the Plaintiff's Complaint and any other relief deemed just and appropriate in light of the foregoing.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed using the Florida Courts ePortal System on this 25th day of October, 2017, which system will provide a copy by electronic mail to the parties identified on the Service List below.

> COLE SCOTT & KISSANE, P.A.
> *Attorneys for Defendant CALDER RACE COURSE, INC.*
> 222 Lakeview Avenue, Suite 120
> West Palm Beach, FL 33401
> Tel:   (561) 383-9200
> Fax:   (561) 683-8977
>
> By:  */s/ Nina C. Schmidt*
>       BARRY A. POSTMAN
>       Fla. Bar No. 991856
>       NINA C. SCHMIDT
>       Fla. Bar No. 118900

---

[1] The filing of this motion does not constitute a waiver of the right to remove. *Estevez-Gonzalez v. Kraft, Inc.*, 606 F. Supp. 127, 128 (S.D. Fla. 1985).

## Service List

Brody M. Shulman, Esq.
Jason S. Remer, Esq.
Miriam Colmenarez, Esq.
Remer & Georges-Pierre, PLLC
44 West Flagler Street, Suite 2200
Miami, FL  33130
jremer@rgpattorneys.com
ng@rgpattorneys.com
bshulman@rgpattorneys.com
mcolmenarez@rgpattorneys.com

Filing # 63327623 E-Filed 10/25/2017 04:19:36 PM

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT
IN AND FOR MIAMI DADE COUNTY, FLORIDA

CASE NO.: 2017-21758 CA 01

CAROLINA RAMOS DOMINGUEZ,

    Plaintiff,

v.

CALDER RACE COURSE, INC., a Florida
Profit Corporation, SAFFIE JOSEPH JR.
RACING, INC., a Florida Profit Corporation
and SAFFIE A. JOSEPH JR., individually,

    Defendant.

_____/

## NOTICE OF FILING NOTICE OF REMOVAL

Defendant, CALDER RACE COURSE, INC., a Florida Profit Corporation, by and

through its undersigned counsel, hereby gives notice of filing its Notice of Removal in

the United States District Court Southern District of Florida.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing has been

filed using the Florida Courts ePortal System on this 25th day of October, 2017, which

system will provide a copy by electronic mail to the parties identified on the Service List:

    COLE SCOTT & KISSANE, P.A.
    *Attorneys for Defendant CALDER RACE*
    *COURSE, INC.*
    222 Lakeview Avenue, Suite 120
    West Palm Beach, FL 33401
    Tel:  (561) 383-9200
    Fax:  (561) 683-8977

By: _/s/ Nina C. Schmidt_____
        BARRY A. POSTMAN
        Fla. Bar No. 991856
        NINA C. SCHMIDT
        Fla. Bar No. 118900

**Service List**

Brody M. Shulman, Esq.
Jason S. Remer, Esq.
Miriam Colmenarez, Esq.
Remer & Georges-Pierre, PLLC
44 West Flagler Street, Suite 2200
Miami, FL  33130
jremer@rgpattorneys.com
ng@rgpattorneys.com
bshulman@rgpattorneys.com
mcolmenarez@rgpattorneys.com

COLE, SCOTT & KISSANE, P.A.
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

Filing # 63375659 E-Filed 10/26/2017 02:48:13 PM

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT
IN AND FOR MIAMI DADE COUNTY, FLORIDA

CASE No.: 2017-21758 CA 01

CAROLINA RAMOS DOMINGUEZ,

       Plaintiff,

vs.

CALDER RACE COURSE, INC., *et. al.*

       Defendants.

_____/

### NOTICE OF CANCELLATION OF HEARING

COMES NOW the Plaintiff, by and through his undersigned attorney, hereby notifies counsel for the Defendant, and Defendants, named in the Certificate of Service that the hearing on Plaintiff's Motion for Court Default, scheduled for November 15, 2017 at 9:00 AM before the Honorable Rodney Smith, is hereby cancelled.

Dated: October 26, 2017

                             Respectfully submitted,

                             **REMER & GEORGES-PIERRE, PLLC**
                             *Attorneys for Plaintiff*
                             Courthouse Tower
                             44 West Flagler Street
                             Suite 2200
                             Miami, FL 33130
                             Telephone: (305)416-5000
                             Facsimile: (305)416-5005

                   By: **/s/ Brody M. Shulman**
                           Jason S. Remer, Esq.
                           Fla. Bar No.: 0165580
                           Brody M. Shulman, Esq.
                           Fla. Bar No.: 092044
                           Miriam Colmenarez, Esq.
                           Fla. Bar No.: 0118144

## CERTIFICATE OF SERVICE

I hereby certify that on this 26 October 2017, a true and correct copy the foregoing was communicated to counsel for Defendants via the MyFl web portal.

By: /s/ **Brody M. Shulman**
    Jason S. Remer, Esq.
    Fla. Bar No.: 0165580
    Brody M. Shulman, Esq.
    Fla. Bar No.: 092044
    Miriam Colmenarez, Esq.
    Fla. Bar No.: 0118144

Filing # 63417051 E-Filed 10/27/2017 11:50:23 AM

### RETURN OF SERVICE

| State of Florida | County of MIAMI-DADE | Circuit Court |
|---|---|---|

Case Number: 2017-21758-CA-01

Plaintiff:
**CAROLINA RAMOS DOMINGUEZ**

vs.

Defendant:
**CALDER RACE COURSE, INC, ET. AL.,**

For:
Jason S. Remer
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street
Ste 2200
Miami, FL 33130

Received by OJF SERVICES, INC. on the 27th day of September, 2017 at 4:35 pm to be served on **SAFFIE JOSEPH, JR. RACING, INC., 1627 BRICKELL AVE, APT. 801, MIAMI, FL 33129.**

I, FELIX ONATE, do hereby affirm that on the **11th day of October, 2017** at **11:17 am, I:**

**CORPORATE:** served by delivering a true copy of the **SUMMONS AND COMPLAINT** with the date and hour of service endorsed thereon by me, to: **MARILYN MAKO** as AGENT of SAFFIE JOSEPH, JR. RACING, INC.**1205 NE 16TH AVE, FT. LAUDERDALE, FL 33304,** and informed said person of the contents therein, in compliance with Federal Rules of Civil Procedure, Florida Statute 48.081 or other state statute as applicable.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A SPECIAL PROCESS SERVER APPOINTED BY THE SHERIFF, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.

**FELIX ONATE**
SPS #473

OJF SERVICES, INC.
13727 S.W. 152nd Street
P.M.B. 354
Miami, FL 33177
(786) 293-5750

Our Job Serial Number: OJF-2017012429

Copyright © 1992-2017 Database Services, Inc. - Process Server's Toolbox V7.2g



IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

CASE NO. 2017-021758-CA-01

**CAROLINA RAMOS DOMINGUEZ,**
And other similarly situated individuals,

    Plaintiff(s),

v.

**CALDER RACE COURSE, INC.**, a Florida
Profit Corporation, **SAFFIE JOSEPH
JR. RACING, INC.**, a Florida Profit
Corporation, and **SAFFIE A. JOSEPH,
JR.**, individually;

    Defendant(s).

DATE 10/11/17   TIME: 11:17a

INITIALS: LO.   ID#: 473

**SUMMONS IN A CIVIL CASE**

1205 NE 16 Ave
Ft-Lauderdale, FL 33304

TO:      **SAFFIE JOSPEH JR. RACING, INC.**
Registered agent: **SAFFIE A. JOSEPH, JR.**
~~1627 Brickell Avenue~~
~~Apartment 801~~
Miami, Florida 33129

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET, STE. 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

SEP 27 2017

CLERK          DATE

(BY) DEPUTY CLERK

12429

Filing # 63417051 E-Filed 10/27/2017 11:50:23 AM

## RETURN OF SERVICE

State of Florida                    County of MIAMI-DADE                    Circuit Court

Case Number: 2017-21758-CA-01

Plaintiff:
**CAROLINA RAMOS DOMINGUEZ**

vs.

Defendant:
**CALDER RACE COURSE, INC, ET. AL.,**

For:
Jason S. Remer
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street
Ste 2200
Miami, FL 33130

Received by OJF SERVICES, INC. on the 27th day of September, 2017 at 4:35 pm to be served on **SAFFIE A. JOSEPH, JR, 1627 BRICKELL AVE, APT. 801, MIAMI, FL 33129.**

I, FELIX ONATE, do hereby affirm that on the **11th day of October, 2017 at 11:18 am, I:**

**SUBSTITUTE - RESIDENTIAL:** served by delivering a true copy of the **SUMMONS AND COMPLAINT** with the date and hour of service endorsed thereon by me, to: **MARILYN MAKO** as CO-RESIDENT at the address of **1205 NE 16TH AVE, FT. LAUDERDALE, FL 33304,/** of the within named person's usual place of abode, who resides therein, who is fifteen (15) years of age or older and informed said person of the contents therein, in compliance with state statutes.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A SPECIAL PROCESS SERVER APPOINTED BY THE SHERIFF, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE. 92.525.

**FELIX ONATE**
SPS #473

**OJF SERVICES, INC.**
13727 S.W. 152nd Street
P.M.B. 354
Miami, FL 33177
(786) 293-5750

Our Job Serial Number: OJF-2017012428

Copyright © 1992-2017 Database Services, Inc. - Process Server's Toolbox V7.2g

Smut
$100

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

CASE NO. 2017 - 021758 - CA - 01

**CAROLINA RAMOS DOMINGUEZ,**
And other similarly situated individuals,

       Plaintiff(s),

v.

**CALDER RACE COURSE, INC.,** a Florida
Profit Corporation, **SAFFIE JOSEPH
JR. RACING, INC.,** a Florida Profit
Corporation, and **SAFFIE A. JOSEPH,
JR.,** individually;

       Defendant(s).

DATE 10|11|17   TIME: 10:17a
INITIALS. KD   ID #: 473

### SUMMONS IN A CIVIL CASE

TO:     **SAFFIE A. JOSPEH JR.**
      1627 Brickell Avenue
      Apartment 801
      Miami, Florida 33129

1205 NE 16 Ave
Ft. Lauderdale, FL 33304

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

      JASON S. REMER, ESQ.
      REMER & GEORGES-PIERRE, PLLC.
      44 WEST FLAGLER STREET. STE. 2200
      MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be
taken against you for the relief demanded in the complaint. You must also file your answer with the
Clerk of this Court within a reasonable period of time after service.

CLERK                    DATE

(BY) DEPUTY CLERK

**MILITARY**
YES    NO

WWW.JOEFSERVICES.COM

12428

Filing # 63525802 E-Filed 10/31/2017 09:49:57 AM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

CASE NUMBER 2017-021758 CA 01

CAROLINA RAMOS DOMINGUEZ
And other similarly situated individuals,
    Plaintiffs,

vs.

CALDER RACE COURSE, INC., a
Florida Profit Corporation, SAFFIE
JOSEPH JR. RACING, INC., a Florida
Profit Corporation, and SAFFIE A.
JOSEPH JR., individually,
    Defendants.

_____/

## DEFENDANTS, SAFFIE JOSEPH JR. RACING, INC., a Florida Profit Corporation and SAFFIE A. JOSEPH JR., individually SPECIAL APPEARANCE FOR PURPOSE OF MOVING TO QUASH SERVICE OF PROCESS AND AFFIDAVIT IN SUPPORT THEREOF

COMES NOW, the Defendants, Saffie Joseph Jr. Racing, Inc., a Florida Profit Corporation and Saffie A. Joseph, Jr., individually, by special appearance, by their undersigned counsel and moves to quash service of process as to Plaintiff's Complaint pursuant to Fla. R. Civ. Proc. 1.070(e) states as follows:

1.    The service of process effectuated on October 11, 2017 at 11:00 a.m. upon Marilyn Mackel who resides at 1205 NE 16th Avenue, Fort Lauderdale, Florida 33304 is defective and contrary to the applicable Florida Statute set forth below and should be quashed.

2.    Section 48.031(1)(a), Florida Statutes which sets forth the requirements for service of process, provides:

> (1)(a) Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents.

1

3.   Strict compliance with the statutory provisions governing service of process is required in order to obtain jurisdiction over a party.  See *Schupak v Sutton Hill Assocs.* 710 So. 2d 707, 798 (Fla. 4th DCA 1998); *Sierra Holding, Inc. v Inn Keepers Supply Co.*, 464 So. 2d 1046, 1047 (Fla. 4th DCA 1983).

4.   Marilyn Mackel is the mother-in-law of Defendant, Saffie A. Joseph, Jr..  Saffie A. Joseph Jr. does not reside at the above address.  Hence, it is not his usual place of abode.

5.   The said Marilyn Mackel is not the registered agent of Defendant, Saffie Joseph Jr. Racing, Inc. and also not authorized to receive service of process on behalf of Defendant, Saffie Joseph, Jr. Racing, Inc.

6.   The process server also failed to comply with the above statute by not informing Marilyn Mackel of the contents of the complaint which he categorized as a "package".

WHEREFORE the Defendants respectfully request that this Honorable Court grant this motion and quash the service of process.

I hereby certify that a true and correct copy of the foregoing has been forwarded by facsimile this 31 st day of October , 2017 to:

Jason S. Remer, Esquire
Via Email: jremer@rgpattorneys.com

**ERNESTO S. MEDINA, ESQUIRE**
782 NW 42ND Avenue, Suite 6
Miami, Florida 33126
(305) 260-0541

Ernesto S. Medina, Esquire
Fla. Bar No. 299855

2

## AFFIDAVIT IN SUPPORT OF MOTION TO QUASH SERVICE OF PROCESS

I, MARILYN MACKEL, do hereby swear or affirm that;

The events involving the service of the complaint with case number 2017-021758 CA 01 on October 11, 2017 at 11:00 a.m. were as follows:

1.  The process server knocked on my door and when I opened he said "Is Saffie Joseph here?" I said "No".

2.  He said he had a package for Saffie Joseph Jr. Racing. I said ok.

3.  He asked me who I was and I said his mother-in-law. I asked him, "where's the package" and he said "I'll get it, one minute" then he handed me the papers and left.

4.  Saffie A. Josheph Jr. does not reside with me at 1205 NE 16ᵗʰ Avenue, Fort Lauderdale, Florida 33304.

5.  I am not the registered agent for Saffie Joseph Jr. Racing, Inc. nor am I authorized to receive service of process for Saffie Joseph Jr. Racing, Inc.

*Marilyn Mackel*

MARILYN MACKEL

State of Florida
County of Miami-Dade

Sworn to and subscribed before me this 31 day of October, 2017.

_____                    Cristina Villate
Notary Public                               Printed, Typed or Stamped Name of
                                            Notary Public

Produced identification
Type of identification produced:  a Florida driver's license

CRISTINA VILLATE
MY COMMISSION # GG 103898
EXPIRES: June 10, 2021
Bonded Thru Notary Public Underwriters

3

Filing # 64100180 E-Filed 11/13/2017 01:12:37 PM

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT
IN AND FOR MIAMI DADE COUNTY, FLORIDA

CASE No.: 2017-21758 CA 01

CAROLINA RAMOS DOMINGUEZ,

        Plaintiff,

vs.

SAFFIE JOSEPH JR. RACING, INC. and
SAFFIE JOSEPH, JR., individually,

        Defendants.

        _____/

## PLAINTIFF'S MOTION TO FILE AN AMENDED COMPLAINT

COMES NOW, the Plaintiff **CAROLINA RAMOS DOMINGUEZ** ("Plaintiff"), by and through undersigned counsel pursuant to the Florida Rules of Civil Procedure, hereby respectfully files this Motion to Amend her Complaint to include newly uncovered Defendant and states in support:

1. Plaintiff's claims in this matter are brought pursuant to the Fair Labor Standards Acts to recover unpaid wages during her work with Defendants.

2. During the course of reviewing Plaintiff's file, Plaintiff's counsel uncovered a new Defendant, a joint employer of Plaintiff: GULFSTREAM PARK RACING ASSOCIATION, INC.

3. This entity is believed to be a joint employer with the current Defendant during the relevant time period with potential liability for Plaintiff's wage and hour claim.

4. Plaintiff seeks to amend her complaint to include these newly discovered Defendant.

5. Discovery is still in its early stages and no written nor oral discovery has yet occurred.

6. Plaintiff has not filed this motion in bad faith or for a dilatory reason.

7. A proposed Amended Complaint is attached hereto as Exhibit A.

## MEMORANDUM OF LAW

Florida has a liberal rule governing amendments to pleading, which specifically states "(l)eave of court shall be given freely when justice so requires." Fla. R. Civ. P. 1.190(a). "Courts should be especially liberal when leave to amend is sought at or before a hearing on summary judgment." *Laurencio v. Deutsche Bank National Trust Company,* 65 So. 3d 1190, 1193 (Fla. 2d DCA 2011)(*quoting Bill Williams Air Conditioning & Heating Inc. v. Haymarket Co-op. Bank,* 582 So.2d 302, 305 (Fla. 1st DCA 1991). Moreover, motions for leave to amend "should be granted absent exceptional circumstances." *Thompson v. Jared Kane Co., Inc.,* 872 So.2d 356, 360 (Fla. 2d DCA 2004).

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court grant this Motion to Amend the Complaint.


Dated: 11/13/17


Respectfully submitted,

**/s/ Brody M. Shulman**
Jason S. Remer, Esq.
Florida Bar No.: 0165580
Brody M. Shulman, Esq.
Fla. Bar No.: 092044

**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2017 a true and correct copy the foregoing was communicated to counsel for Defendants via Florida's e-Filing electronic service system.

By: /s/ **Brody M. Shulman**
Jason S. Remer, Esq.
Florida Bar Number: 0165580
Brody M. Shulman, Esq.
Florida Bar Number: 092044

# EXHIBIT A

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT
IN AND FOR MIAMI DADE COUNTY, FLORIDA

CASE No.: 2017-21758 CA 01

CAROLINA RAMOS DOMINGUEZ,

      Plaintiff,

vs.

GULFSTREAM PARK RACING ASSOCIATION, INC.,
SAFFIE JOSEPH JR. RACING, INC. and
SAFFIE JOSEPH, JR., individually,

      Defendants.

_____/

## FIRST AMENDED COMPLAINT

### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

COMES NOW the Plaintiff **CAROLINA RAMOS**, and other similarly situated individuals, by and through the undersigned counsel, hereby sues Defendant **GULFSTREAM PARK RACING ASSOCIATION, INC.** a Florida Profit Corporation, Defendant **SAFFIE JOSEPH JR. RACING, INC.**, a Florida Profit Corporation, and Defendant **SAFFIE A. JOSEPH, JR.**, individually, (collectively herein referred to as "Defendants"), and in support states as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $15,000.00 excluding attorneys' fees or costs, for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3. Plaintiff was, at all times relevant to this action, a resident of Broward County Florida, within the jurisdiction of this Honorable Court. Plaintiff is covered employee for purposes of the FLSA.

4. Defendant, GULFSTREAM PARK RACING ASSOCIATION, INC., a Florida Profit Corporation, has a location and operates in Miami-Dade County, Florida where Plaintiff worked for Defendant, and at all times material hereto, was and is engaged in interstate commerce.

5. Defendant, SAFFIE JOSEPH JR. RACING, INC., a Florida Profit Corporation, has a location and operates in Miami-Dade County, Florida where Plaintiff worked for Defendant, and at all times material hereto, was and is engaged in interstate commerce.

6. Defendant, SAFFIE A. JOSPEH, JR., is a corporate officer, and exercised operational control over the activities of the corporate Defendant, SAFFIE JOSEPH JR. RACING, INC.

7. Both corporate Defendants GULFSTREAM PARK RACING ASSOCIATION, INC. and SAFFIE JOSPEH JR. RACING, INC. acted directly or indirectly, to such an extent, in the interest of each other in relation to the administration of employees, like PLAINTIFF, and as such, a commonality between the corporate DEFENDANTS exist.

8. Venue is proper in Miami-Dade County because all of the actions that form the basis of this Amended Complaint occurred within Miami-Dade County and payment was due in Miami-Dade County.

9. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10.     Plaintiff performed work for Defendants from on or about January 3, 2014, through on or about May 25, 2017 as a non-exempt horse groomer.

11.     While employed, Plaintiff was required to follow all rules and regulations set forth by Defendants was required to wear identification for the Gulfstream Park Race Track, and was required to undergo background and criminal checks per Gulfstream Park Race Track's requirements.

12.     Plaintiff, by virtue of Plaintiff's rate of pay and/or job duties was a non-exempt employee.

13.     Plaintiff worked seven days per week and approximately 10 hours per day.

14.     Plaintiff typically received $700.00 per week where Plaintiff was paid approximately $300.00 in cash and $400.00 in a check.

15.     Throughout Plaintiff's employment with Defendants, Plaintiff did not receive proper payment for all hours worked.

16.     Defendants had, or should have had, full knowledge of all hours worked by Plaintiff and including those hours worked in excess of forty (40) in a given work week.

17.     Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) each week, as proscribed by the laws of the United States.

18.     Plaintiff claims there is other similarly situated current and former horse groomers working, or previously working, for Defendants.

19.     Plaintiff, and other similarly-situated current and former horse groomers of Defendants, performed similarly duties for Defendants and were subject to similar policies as to compensation.

20.     Plaintiff and other similarly-situated current and former horse groomers of Defendants, would benefit from joining this collective action alleged herein.

## COUNT I
### *Wage & Hour Federal Statutory Violation against*
### *GULFSTREAM PARK RACING ASSOCIATION, INC.*

21.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 20 of this Amended Complaint as if set out in full herein.

22.     This action is brought by Plaintiff to recover from Defendant unpaid overtime wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*

23.     Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

24.     At all times pertinent to this Amended Complaint, corporate Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the corporate Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

25.     Upon information and belief, at all times material hereto, corporate Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendant named herein, or which are as of yet unknown but will be revealed through further discovery.  To the extent that corporate Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

26.     By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).  Defendant's business activities involve those to which the Fair Labor Standards Act applies.  The Plaintiff's work for the Defendant likewise affects interstate commerce.

27.     Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this Amended Complaint.

28.     Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

29.     To the extent that Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments, the statute of limitations for Plaintiff's FLSA claims is equitably tolled. *See, e.g., Cruz v. Maypa*, 773 F.3d 138, 147 (4th Cir. 2014) (extending failure-to-post tolling in the ADEA context to the FLSA); *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) ("[F]ailure to provide required notice of the governing legal requirements may be a sufficient basis for tolling."); *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Pa. 1984) ("An employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations.").

     **WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A.     Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.      Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage

compensation for hours worked in excess of forty (40) weekly, with interest;

C.      Award Plaintiff an equal amount in double damages/liquidated damages;

D.      Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

E.      Grant Plaintiff such additional relief as the Court deems just and proper under the

circumstances; and

F.      Grant Plaintiff a trial by jury.

## COUNT II
### *Wage & Hour Federal Statutory Violation against*
### *SAFFIE JOSEPH JR. RACING, INC.*

30.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 20

of this Amended Complaint as if set out in full herein.

31.     This action is brought by Plaintiff to recover from Defendant unpaid overtime wage

compensation, as well as an additional amount as liquidated damages, costs, and reasonable

attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*

32.     Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

33.     At all times pertinent to this Amended Complaint, corporate Defendant operated as an

organization which sells and/or markets its services and/or goods to customers from throughout

the United States and also provides its services for goods sold and transported from across state

lines of other states, and the corporate Defendant obtains and solicits funds from non-Florida

sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state

lines to do its business, transmits funds outside the State of Florida, and otherwise regularly

engages in interstate commerce, particularly with respect to its employees.

34.     Upon information and belief, at all times material hereto, corporate Defendant's annual

gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the

other corporate Defendant named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that corporate Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

35. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

36. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this Amended Complaint.

37. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

38. To the extent that Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments, the statute of limitations for Plaintiff's FLSA claims is equitably tolled. *See, e.g., Cruz v. Maypa*, 773 F.3d 138, 147 (4th Cir. 2014) (extending failure-to-post tolling in the ADEA context to the FLSA); *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) ("[F]ailure to provide required notice of the governing legal requirements may be a sufficient basis for tolling."); *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328

(E.D. Pa. 1984) ("An employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations.").

  **WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances; and

F. Grant Plaintiff a trial by jury.

**COUNT III**
*Wage & Hour Federal Statutory Violation against*
*SAFFIE A. JOSEPH, JR.*

29. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 20 of this Amended Complaint as if set out in full herein.

30. At the times mentioned, Defendant was, and is now, the Owner of corporate Defendant, SAFFIE JOSEPH JR. RACING, INC.

31. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

32.   Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

33.   Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiffs' employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A.    Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.    Adjudge and decree that Defendant exhibited operational control and, as such, is jointly and severally responsible for the damage at issue;

C.    Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

D.    Award Plaintiff an equal amount in double damages/liquidated damages;

E.    Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

F.    Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances; and

G.    Grant Plaintiff a trial by jury.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: _____

Respectfully submitted,

_____

Jason S. Remer, Esq.
Florida Bar No. 165580
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler St., Suite 2200
Miami, FL 33130
Telephone:  305-416-5000
Facsimile: 305-416-5005
jremer@rgpattorneys.com
bshulman@rgpattorneys.com

Filing # 64155618 E-Filed 11/14/2017 11:40:30 AM

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CAROLINA RAMOS DOMINGUEZ

      Plaintiff(s),

v.                           **CASE No.: 17-21758-CA-01**

CALDER RACE COURSE, INC. et al

      Defendants.

_____/

## NOTICE OF HEARING

**TO:**    Calder Race Course, Inc.
        Through its Registered Agent
        1200 S. Pine Road
        Plantation, FL 33324

**YOU ARE HEREBY NOTIFIED** that the undersigned has called up for hearing the following:

**MATTER:** Plaintiff's Motion to File Amended Complaint
**DATE:**  Wednesday, December 13, 2017
**TIME:**  9:00am
**JUDGE:** Honorable Judge Rodney Smith
**PLACE:** Miami Dade County Courthouse, 73 West Flagler Street, Miami, FL 33130, DCC 1401

Dated this 14th day of November 2017

                          Respectfully submitted,

                          */s/: Brody Shulman*
                          Jason Remer, Esq.
                          Florida Bar No.: 0165580

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished to:

**TO:**    Calder Race Course, Inc.
Through its Registered Agent
1200 S. Pine Road
Plantation, FL 33324

By: */s/: Brody Shulman*
Jason Remer, Esq.
Florida Bar Number: 165580
Brody Shulman, Esq.
Bar No. 92044
Remer & Georges-Pierre, PLLC
44 West Flagler Street, Suite 2200
Miami, FL 33130
305-416-5000
jremer@rgpattorneys.com
bshulman@rgpattorneys.com

Filing # 64400513 E-Filed 11/20/2017 11:19:18 AM

IN THE CIRCUIT COURT OF THE 11ᵗʰ JUDICIAL CIRCUIT
IN AND FOR MIAMI DADE COUNTY, FLORIDA

CASE No.: 2017-21758 CA 01

CAROLINA RAMOS DOMINGUEZ,

     Plaintiff,

vs.

SAFFIE JOSEPH JR. RACING, INC. and
SAFFIE JOSEPH, JR., individually,

     Defendants.

_____/

### PLAINTIFF'S RESPONSE IN OPPOSITION TO
### DEFENDANTS' MOTION TO QUASH SERVICE

COMES NOW, the Plaintiff, **CAROLINA RAMOS DOMINGUEZ**, by and through undersigned counsel, hereby respectfully files this Response in Opposition to Defendants' Motions to Quash Service of Process and states in support:

1.  Defendants seek to quash service by arguing that the service of process was invalid under Sections 48.031(1)(a). Defendants' argument fails where there is no showing of clear and convincing evidence that substitute service was defective.

2.  Filed with this Response is the affidavit by Plaintiff's process server Felix Onate who personally spoke with Marilyn Mackel, the individual to whom substitute service was performed. *See* Exhibit B.

3.  Based on the case law, arguments, and affidavit of Mr. Onate, Defendants' Motion to Quash should be denied.

## ARGUMENT AND MEMORANDUM OF LAW

### I.   DEFENDANTS HAVE NOT PRODUCED CLEAR AND CONVINCING EVIDENCE THAT SUBSTITUTE SERVICE WAS DEFECTIVE

Section 48.031(1)(a), Florida Statutes (2013), provides:

> Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents.

In this matter, the Returns of Service on Defendants are valid on its face as it contains all the requisite information. *See Exhibit A – Returns of Service.* Further, Defendants make no challenge to the facial validity. Because of the Returns' facial validity,

> "[A] defendant may not impeach the validity of the summons with a simple denial of service, but must present 'clear and convincing evidence' to corroborate his denial." *Telf Corp. v. Gomez,* 671 So.2d 818, 819 (Fla. 3d DCA 1996). *See also Slomowitz v. Walker,* 429 So.2d 797, 799 (Fla. 4th DCA 1983) (holding that "clear and convincing evidenc" "must be presented to corroborate the defendant's denial of service," because permitting "a defendant to impeach a summons by simply denying service would create chaos in the judicial system"). *See Johnson v. Christiana Trust,* 166 So. 3d 940 (Fla. 4th DCA 2015)

A proper method of challenging facially valid service is to produce corroborating evidence. *Cf. Kemmerer v. Klass Assocs., Inc.,* 108 So.3d 672, 672-74 (Fla. 2nd DCA 2013) (finding the defendant presented "clear and convincing evidence" that substituted service on her boyfriend in Arizona was improper by submitting "two affidavits in which she and [her boyfriend] asserted that she was not living at the Arizona address" and attaching copies of her Florida driver's license, property appraiser records, and property

tax bill); *Carone v. Millennium Settlements, Inc.*, 84 So.3d 1141, 1142-43 (Fla. 4th DCA 2012) (finding defendant presented "clear and convincing evidence" that substituted service on her father was improper by submitting her sworn affidavit, a certified copy of the deed to her father's condominium, copies of his driver's license, U.S.P.S. form, and homestead exemption, and testimony from him, all demonstrating that he did not reside with the defendant).

The Mackel affidavit, as submitted by Defendants, makes a number of conclusory allegations without corroborating information or evidence.  Where Defendants fail to present any additional evidence to corroborate the allegations made in the single, self-serving affidavit, the Motion to Quash should be denied. *Gomez*, 671 So.2d at 819. (affirming the denial of appellants' motions to quash service, because the individual appellant failed to sustain his "high burden of demonstrating the invalidity of their service" by attacking "the service of process with uncorroborated affidavits that he did not reside at the address to which service was accepted and that the corporate appellant transacted no business at that address").

To support that service was proper, Plaintiff submits that the address utilized for service was derived from the corporate Defendant's SunBiz page that reflects the Fort Lauderdale address, a residential location, to be the mailing address for the corporation. *See Exhibit C.* Further, attached is the affidavit of Plaintiff's process server Felix Onate. *See Exhibit B.*  Mr. Onate testifies to his experience and credentials as a certified process server. *Id.* Further, Mr. Onate testifies he personally spoke to Ms. Mackel who confirmed she lived at the address and knew the Saffie Joseph, Jr. *Id.* Mr. Onate further states avers that had Ms. Mackel told him that Defendant Vargas did not live there, he would not have

served the legal documents.

## II.  DEFENDANT SAFFIE JOSEPH JR. RACING, INC. FAILED, IN VIOLATION OF FLORIDA STATUTES, TO MAINTAIN A REGISTERED AGENT

Pursuant to Florida Statutes:

(1)  Each corporation shall have and continuously maintain in this state:
    (a)  A registered office which may be the same as its place of business; and
    (b)  A registered agent, who may be either:
        (1) An individual who resides in this state whose business office is identical with such registered office

Fla. Stat. 607.0501(1)(b)(1); See § 48.091(1), Fla. Stat. (2011) (requiring "[e]very Florida corporation and every foreign corporation now qualified or hereafter qualifying to transact business in this state shall designate a registered agent...") In review of the SunBiz filings for Saffie Joseph Racing, Inc., the individual Defendant, Saffie Joseph, Jr., was listed as the corporation's registered agent for service to occur at 1627 Brickell Ave, Apt 801, Miami, FL 33129. *See Exhibit C.* This address was investigated simultaneously for service on the individual Defendant. Upon arrival, it was discovered that the corporate Defendant failed to properly maintain a registered agent as required by Florida Statutes. As such, substitute service is permitted. *See Paris v. Protection Consultants, Inc.,* No. 6:09-CV-1474ORL28DAB, 2009 WL 3817605, at *2 (M.D. Fla. Nov. 16, 2009) (Substitute service is available under state law if, for example, service cannot be made on a registered agent because of failure to comply with Fla. Stat. § 48.091).

### III. SUBSTITUTE SERVICE OF PROCESS ON DEFENDANT SAFFIE JOSEPH RACING JR., INC. WAS PROPER

Since Defendant Saffie Joseph Racing, Jr., Inc.'s failed to maintain a registered agent, substitute service is permitted. Pursuant to Fla. Stat. 48.081(3)(b), service of process against a private corporation, where the address "for the registered agent, officer, director, or principal place of business is a residence, a private mailbox, a virtual office, or an executive office or mini suite" substitute service on the corporation may be made in accordance with Fla. Stat. 48.031.

Fla. Stat. 48.031(1)(a) states,

> Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents. Minors who are or have been married shall be served as provided in this section.

Fla. Stat. 48.031(1)(a). Here, Mr. Oxnate served Ms. Mackel, as a substitute, as no registered agent was maintained, the circumstances met with all the requirements for substitute service and the Fort Lauderdale address, as provided in the SunBiz filing, was residential.

### CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Honorable Court enter an Order denying Defendants' Motion to Quash in its entirety.

Date: 11/20/17

Respectfully submitted,

**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305)416-5000
Facsimile: (305)416-5005

By: **/s/ Brody M. Shulman**
    Jason S. Remer, Esq.
    Fla. Bar No.: 0165580
    Brody M. Shulman, Esq.
    Fla. Bar No.: 092044

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent

electronic mail on 11/20/17 to:

**Ernesto S. Medina, Esq.**
782 NE 42nd Ave, Suite 6
Miami, FL 33126
*Counsel for Defendants Saffie A. Joseph, Jr.*
*And Saffie A. Joseph, Jr., Racing, Inc.*

                              By: **/s/ Brody M. Shulman**
                                    Jason S. Remer, Esq.
                                    Fla. Bar No.: 0165580
                                    Brody M. Shulman, Esq.
                                    Fla. Bar No.: 092044

# EXHIBIT A

## RETURN OF SERVICE

State of Florida        County of MIAMI-DADE        Circuit Court

Case Number: 2017-21758-CA-01

Plaintiff:
**CAROLINA RAMOS DOMINGUEZ**

vs.

Defendant:
**CALDER RACE COURSE, INC, ET. AL.,**

For:
Jason S. Remer
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street
Ste 2200
Miami, FL 33130

Received by OJF SERVICES, INC. on the 27th day of September, 2017 at 4:35 pm to be served on SAFFIE A. JOSEPH, JR, 1627 BRICKELL AVE, APT. 801, MIAMI, FL 33129.

I, FELIX ONATE, do hereby affirm that on the 11th day of October, 2017 at 11:18 am, I:

**SUBSTITUTE - RESIDENTIAL:** served by delivering a true copy of the **SUMMONS AND COMPLAINT** with the date and hour of service endorsed thereon by me, to: **MARILYN MAKO as CO-RESIDENT at the address of 1205 NE 16TH AVE, FT. LAUDERDALE, FL 33304,**/ of the within named person's usual place of abode, who resides therein, who is fifteen (15) years of age or older and informed said person of the contents therein, in compliance with state statutes.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A SPECIAL PROCESS SERVER APPOINTED BY THE SHERIFF, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.

**FELIX ONATE**
SPS #473

OJF SERVICES, INC.
13727 S.W. 152nd Street
P.M.B. 354
Miami, FL 33177
(786) 293-5750

Our Job Serial Number: OJF-2017012428

Copyright © 1992-2017 Database Services, Inc. - Process Server's Toolbox V7.2g



## RETURN OF SERVICE

State of Florida                    County of MIAMI-DADE                              Circuit Court

Case Number: 2017-21758-CA-01

Plaintiff:
CAROLINA RAMOS DOMINGUEZ

vs.

Defendant:
CALDER RACE COURSE, INC, ET. AL.,

For:
Jason S. Remer
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street
Ste 2200
Miami, FL 33130

Received by OJF SERVICES, INC. on the 27th day of September, 2017 at 4:35 pm to be served on SAFFIE JOSEPH, JR.
RACING, INC., 1627 BRICKELL AVE, APT. 801, MIAMI, FL 33129.

I, FELIX ONATE, do hereby affirm that on the 11th day of October, 2017 at 11:17 am, I:

CORPORATE: served by delivering a true copy of the SUMMONS AND COMPLAINT with the date and hour of service
endorsed thereon by me, to: MARILYN MAKO as AGENT of SAFFIE JOSEPH, JR. RACING, INC.1205 NE 16TH AVE, FT.
LAUDERDALE, FL 33304, and informed said person of the contents therein, in compliance with Federal Rules of Civil
Procedure, Florida Statute 48.081 or other state statute as applicable.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A SPECIAL
PROCESS SERVER APPOINTED BY THE SHERIFF, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH
PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING
(DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.

FELIX ONATE
SPS #473

OJF SERVICES, INC.
13727 S.W. 152nd Street
P.M.B. 354
Miami, FL 33177
(786) 293-5750

Our Job Serial Number: OJF-2017012429

Copyright © 1992-2017 Database Services, Inc. - Process Server's Toolbox V7.2g



# EXHIBIT B

**IN THE CIRCUIT COURT OF THE 11ᵗʰ JUDICIAL CIRCUIT
IN AND FOR MIAMI DADE COUNTY, FLORIDA**

**CASE No.: 2017-21758 CA 01**

CAROLINA RAMOS DOMINGUEZ,

     Plaintiff,

vs.

SAFFIE JOSEPH RACING, INC. and
SAFFIE JOSEPH, JR., individually,

     Defendants.

_____/

## DECLARATION OF FELIX ONATE PURSUANT TO 28 U.S.C. § 1746

THE UNDERSIGNED hereby makes this Sworn declaration pursuant to 28 U.S.C. §1746, and under penalty of perjury, states as follows:

- My name is Felix Onate. I am fully competent to make this declaration and do so based upon the best of my knowledge, both direct and indirect, of the information stated below, and I am authorized to make the statements and representations herein.

- I am *sui juris*, of majority age, and I declare, certify, verify and state under penalty of perjury, that the following statements are true and correct to the best of my knowledge, information and belief, based on either personal knowledge or review of relevant documents and records.

- If called to testify before the Court with regard to the contents of this Sworn Declaration, my testimony will be identical to the contents hereof.

- I am a process server currently employed with OJF Services, Inc. I have been a process server for the past ___17___ years and am in good standing with the State of Florida.

- I was tasked with the assignment to serve the corporate Defendant Saffie Joseph, Jr. Racing, Inc. and the individual Defendant, Saffie Joseph, Jr., in this matter.

- Prior to effectuating service on the corporate Defendant Saffie Joseph, Jr. Racing, Inc. and the individual Defendant, Saffie Joseph, Jr., another process server attempted the address of 1627 Brickell Ave, Apt 801, Miami, FL 33129 as this is

1

the principal address, registered agent address, and officer/director address as listed on the Florida Division of Corporation's SunBiz online portal.

- I went to the other address (the mailing address on the SunBiz portal) 1205 NE 16th Ave, Fort Lauderdale, FL 33304.

- At the Fort Lauderdale address, I approached the home; was greeted by an individual named Marilyn Mackel. This individual was over the age of 15, informed me she lived at the residence, and knew Saffie Joseph, Jr. I explained what the documents were and handed them to Ms. Mackel.

- Given Ms. Mackel's response, and that pursuant to Florida statutes I can sub-serve a co-resident of the Defendant, I engaged Ms. Mackel and served Saffie Joseph, Jr, Racing, Inc. and Saffie Joseph, Jr.

- If Ms. Mackel told me that Defendant Saffie Joseph Jr. did not live there, I would not have served the legal documents.

- Accordingly, service of process was properly effectuated in that I left a true and correct copy of the Summons and Complaint at the home.

**FURTHER DECLARANT SAYETH NOT.**

### VERIFICATION PURSUANT TO FLA. STAT. § 92.525

Under penalties of perjury, I, _Fule Onagre_, declare that I have read the foregoing and that the facts contained in herein are true.

Executed on this _16_ day of _Nov_, 20_17_.

_____
Sign name

_____
Print name

2

# EXHIBIT C

DIVISION OF CORPORATIONS



Department of State / Division of Corporations / Search Records / Detail By Document Number /

# Detail by Entity Name

Florida Profit Corporation
SAFFIE JOSEPH JR. RACING, INC.

**Filing Information**

| | |
|---|---|
| **Document Number** | P11000028539 |
| **FEI/EIN Number** | 45-1003784 |
| **Date Filed** | 03/23/2011 |
| **State** | FL |
| **Status** | ACTIVE |

**Principal Address**

1627 BRICKELL AVE APT 801
MIAMI, FL 33129

**Mailing Address**

1205 NE 16 AVE
Fort Lauderdale, FL 33304

Changed: 05/04/2015

**Registered Agent Name & Address**

JOSEPH, SAFFIE A., Jr.
1627 BRICKELL AVE APT 801
MIAMI, FL 33129

Name Changed: 02/18/2013

**Officer/Director Detail**

**Name & Address**

Title MR

JOSEPH, SAFFIE A, Jr.
1627 BRICKELL AVE APT 801
MIAMI, FL 33129

Detail by Entity Name

11/20/17, 11:01 AM

## Annual Reports

| Report Year | Filed Date |
|---|---|
| 2015 | 05/04/2015 |
| 2016 | 02/16/2016 |
| 2017 | 01/15/2017 |

## Document Images

| | |
|---|---|
| 01/15/2017 -- ANNUAL REPORT | View image in PDF format |
| 02/16/2016 -- ANNUAL REPORT | View image in PDF format |
| 05/04/2015 -- ANNUAL REPORT | View image in PDF format |
| 01/19/2014 -- ANNUAL REPORT | View image in PDF format |
| 02/18/2013 -- ANNUAL REPORT | View image in PDF format |
| 01/23/2012 -- ANNUAL REPORT | View image in PDF format |
| 03/23/2011 -- Domestic Profit | View image in PDF format |

Florida Department of State, Division of Corporations

Filing # 68069621 E-Filed 02/16/2018 11:42:15 AM

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT
IN AND FOR MIAMI DADE COUNTY, FLORIDA

CASE NO.: 2017-21758 CA 01

CAROLINA RAMOS DOMINGUEZ,

      Plaintiff,

v.

CALDER RACE COURSE, INC., a Florida
Profit Corporation, SAFFIE JOSEPH JR.
RACING, INC., a Florida Profit Corporation
and SAFFIE A. JOSEPH JR., individually,

      Defendant.

_____/

### NOTICE OF FILING ORDER DISMISSING
### CALDER RACE COURSE WITH PREJUDICE

      Defendant, CALDER RACE COURSE, INC., a Florida Profit Corporation, by and

through its undersigned counsel, hereby gives notice of Southern District of Florida Order

Dismissing Case with Prejudice pursuant to Joint Stipulation with Prejudice as to

Defendant Calder Race Course. See Joint Stipulation of Dismissal, attached hereto as

**Exhibit 1**; see also, Endorsed Order of Dismissal, attached hereto as **Exhibit 2**.

### CERTIFICATE OF SERVICE

      **WE HEREBY CERTIFY** that a true and correct copy of the foregoing has been

filed using the Florida Courts ePortal System on this 16th day of February, 2018, which

system will provide a copy by electronic mail to the parties identified on the Service List:

COLE SCOTT & KISSANE, P.A.
*Attorneys for Defendant CALDER RACE
COURSE, INC.*
222 Lakeview Avenue, Suite 120
West Palm Beach, FL 33401
Tel:    (561) 383-9200
Fax:    (561) 683-8977


By:  */s/ Nina C. Schmidt*
    BARRY A. POSTMAN
    Fla. Bar No. 991856
    NINA C. SCHMIDT
    Fla. Bar No. 118900


**Service List**


Brody M. Shulman, Esq.
Jason S. Remer, Esq.
Miriam Colmenarez, Esq.
Remer & Georges-Pierre, PLLC
44 West Flagler Street, Suite 2200
Miami, FL  33130
jremer@rgpattorneys.com
ng@rgpattorneys.com
bshulman@rgpattorneys.com
mcolmenarez@rgpattorneys.com

**EXHIBIT "1"**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
### CASE NO. 1:17-cv-23917-DPG

**CAROLINA RAMOS DOMINGUEZ,**
and other similarly situated individuals,

      Plaintiff(s),

vs.

**CALDER RACE COURSE, INC.,**
a Florida Profit Corporations,
**SAFFIE JOSEPH JR. RACING, INC.,**
a Florida Profit Corporation, and
**SAFFIE A. JOSEPH, JR.**, individually;

      Defendants.

_____/

### JOINT STIPULATION FOR DISMISSAL WITH PREJUDICE
### AS TO DEFENDANT CALDER RACE COURSE, INC.

Plaintiff and Defendant **CALDER RACE COURSE, INC.**, by and through undersigned counsel, hereby stipulate to a dismissal with prejudice, with both sides to bear their own attorneys' fees and costs incurred, as to only the action between Plaintiff and Defendant **CALDER RACE COURSE, INC.**  Plaintiff respectfully requests this matter be closed as Defendants **SAFFIE JOSEPH JR. RACING, INC.** and **SAFFIE A. JOSEPH, JR** have not removed this action to this Honorable Court, or otherwise consent to removal, and are engaged in motion practice at the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

Respectfully submitted: November 7, 2017

**COLE, SCOTT & KISSANE, P.A.**
222 Lakeview Ave
Suite 120
West Palm Beach, Florida 33401
Telephone: (561) 383-9200
Facsimile: (561) 683-8977

By: */s/ Nina Schmidt*
Nina Schmidt Esq.
Fla. Bar No: 118900

*Counsel for Defendant*
*Calder Race Course, Inc.*

**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street
Suite 2200
Miami, Florida 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

By___*/s/ Brody M. Shulman*_____
    Jason S. Remer, Esq.
    Fla. Bar No.: 0165580
    Brody M. Shulman, Esq.
    Fla. Bar No.: 092044
    *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:  /s/ *Brody M. Shulman*
Jason S. Remer, Esq.
Florida Bar No. 0165580
Email:  jremer@rgpattorneys.com
Brody M. Shulman, Esq.
Florida Bar No.: 092044
Email: bshulman@rgpattorneys.com

# EXHIBIT "2"

**Leslie A. Vargo**

| | |
|---|---|
| **From:** | cmecfautosender@flsd.uscourts.gov |
| **Sent:** | Tuesday, November 07, 2017 3:56 PM |
| **To:** | flsd_cmecf_notice@flsd.uscourts.gov |
| **Subject:** | Claim No. N/A (Carolina Ramos Dominguez vs. Calder Race Course, Inc., Saffie Joseph Jr. Racing, Inc. and Saffie A. Joseph, Jr.) CSK File: 6013.0001-00: Activity in Case 1:17-cv-23917-DPG Dominguez v. Calder Race Course, Inc. Order Dismissing Case |

This is an automatic e-mail message generated by the CM/ECF system. Please **DO NOT RESPOND to** this e-mail because the mail box is unattended.
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**U.S. District Court**

**Southern District of Florida**

**Notice of Electronic Filing**

The following transaction was entered on 11/7/2017 at 3:56 PM EST and filed on 11/7/2017
**Case Name:**       Dominguez v. Calder Race Course, Inc.
**Case Number:**    <u>1:17-cv-23917-DPG</u>
**Filer:**
**WARNING: CASE CLOSED on 11/07/2017**
**Document Number:** 7(No document attached)

**Docket Text:**
ENDORSED ORDER DISMISSING CASE with prejudice pursuant to [6] Joint Stipulation for Dismissal With Prejudice as to Defendant Calder Race Course, Inc. Closing Case. All pending motions are denied as moot. Signed by Judge Darrin P. Gayles on 11/7/2017. (hmo)

NOTICE: If there are sealed documents in this case, they may be unsealed after 1 year or as directed by Court Order, unless they have been designated to be permanently sealed. See Local Rule 5.4 and Administrative Order 2014-69.

**1:17-cv-23917-DPG Notice has been electronically mailed to:**

Barry Adam Postman      postman@csklegal.com

Brody Max Shulman      bshulman@rgpattorneys.com, ng@rgpattorneys.com

Jason Saul Remer    jremer@rgpattorneys.com, bshulman@rgpattorneys.com, jremer@ecf.courtdrive.com, ng@rgpattorneys.com

Nina Christine Schmidt    nina.schmidt@csklegal.com, leslie.vargo@csklegal.com

**1:17-cv-23917-DPG Notice has not been delivered electronically to those listed below and will be provided by other means. For further assistance, please contact our Help Desk at 1-888-318-2260.:**

Miriam Colmenarez
Remer and Georges-Pierre, PLLC
732 NW 134 PL
Miami, FL 33182

Filing # 69213765 E-Filed 03/13/2018 04:27:32 PM

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CAROLINA RAMOS DOMINGUEZ

      Plaintiff(s),

v.                       CASE No.: 17-21758-CA-01

SAFFIE JOSEPH JR. RACING, INC. and
SAFFIE JOSEPH, JR., individually,

      Defendants.

_____/

## NOTICE OF SPECIAL SET HEARING
*(Date agreed w/ JA & OC)*

TO:   Ernesto S. Medina, Esq.
      782 NW 42nd Avenue, Suite 634
      Miami, FL 33126
      305-260-0541
      emedina0653@yahoo.com

**YOU ARE HEREBY NOTIFIED** that the undersigned has called up for hearing the following:

**MATTER:** Defendants Motion to Quash Service
**DATE:**  Thursday, May 10, 2018
**TIME:**  8:30am
**JUDGE:** Honorable Judge Rodney Smith
**PLACE:** Miami Dade County Courthouse, 73 West Flagler Street, Miami, FL 33130, DCC 1401

Dated this 13th day of March 2018

                       Respectfully submitted,

                       */s/: Brody Shulman*
                       Jason Remer, Esq.
                       Florida Bar No.: 0165580

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to:

TO:    Ernesto S. Medina, Esq.
782 NW 42nd Avenue, Suite 634
Miami, FL 33126
305-260-0541
emedina0653@yahoo.com

By: */s/: Brody Shulman*
Jason Remer, Esq.
Florida Bar Number: 165580
Brody Shulman, Esq.
Bar No. 92044
Remer & Georges-Pierre, PLLC
44 West Flagler Street, Suite 2200
Miami, FL 33130
305-416-5000
jremer@rgpattorneys.com
bshulman@rgpattorneys.com

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION
CASE NO: 2017-21758 CA 01

CAROLINA RAMOS DOMINGUEZ

Plaintiff(s),

vs.

ORDER
GRANTING/DENYING PLAINTIFF'S/DEFENDANT'S

SAFFIE JOSEPH JR. RACING INC
SAFFIE JOSEPH JR, INDIVIDUALLY   MOTION TO QUASH SERVICE
Defendant(s),

THIS CAUSE having come on to be heard on _____ MAY 10, 2018 _____
on Plaintiff's/Defendant's Motion

TO QUASH SERVICE ON BOTH DEFENDANTS

and the Court having heard arguments of counsel, and being otherwise advised in the premises, it is hereupon

ORDERED AND ADJUDGED that said Motion be, and the same is hereby

GRANTED

DONE AND ORDERED in Chambers at Miami-Dade County, Florida this _____ 10th _____
day of _____ MAY, 2018 _____

_____
CIRCUIT COURT JUDGE

Copies furnished to: Counsel of Record

117_01-554  3/11

ERNESTO S. MEDINA, ESQ
BRODY M. SHERMAN, ESQ.

Rodney Smith
Circuit Judge

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

**DIVISION**
☑ CIVIL
☐ CRIMINAL
☐ OTHER

**EXHIBIT LIST**

**CASE NUMBER**
17-21758-CA-01

**PLAINTIFF(S)/PETITIONER**
Carolina Ramos Dominguez

**VS. DEFENDANT(S)/RESPONDENT**
Calder Race Course Inc

CLOCK IN
CLERK, CIRCUIT & COUNTY COURT
DADE COUNTY, FLA.
CIVIL #75
FILED FOR RECORD
2018 MAY 10  PM

IN RE: Evidentiary Hearing

JUDGE Rodney Smith   REPORTER _____   DATE 5·10·2018

| Description of Exhibits | PLT/PET ID | PLT/PET EX | DEF/RES ID | DEF/RES EX |
|---|---|---|---|---|
| Return of Service on Saffie A Joseph Jr | | | | A |
| Return of Service on Saffie Joseph Jr Racing Inc | | | | B |
| Sunbiz Corporate Profile for Saffie Joseph Jr Racing Inc | | 1 | | |
| | | | | |
| | | | | |
| Exhibits scanned to court file | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**SUSAN MILLS**

_____   _____
COURT CLERK                SUPERVISOR

Clerk's web address:  www.miami-dadeclerk.com

CLK/CT 140  REV.  9/03

A 's   EX. (A)
Filed 5-10   A.D. 20 18

Case No. 17-21758-CA
HARVEY RUVIN
Clerk Circuit Court

## RETURN OF SERVICE

State of Florida              County of MIAMI-DADE                    Circuit Court

Case Number: 2017-21758-CA-01

Plaintiff:
CAROLINA RAMOS DOMINGUEZ

vs.

Defendant:
CALDER RACE COURSE, INC, ET. AL.,

For:
Jason S. Remer
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street
Ste 2200
Miami, FL 33130

Received by OJF SERVICES, INC. on the 27th day of September, 2017 at 4:35 pm to be served on SAFFIE A. JOSEPH, JR,
1627 BRICKELL AVE, APT. 801, MIAMI, FL 33129.

I, FELIX ONATE, do hereby affirm that on the 11th day of October, 2017 at 11:18 am, I:

SUBSTITUTE - RESIDENTIAL: served by delivering a true copy of the SUMMONS AND COMPLAINT with the date and
hour of service endorsed thereon by me, to: MARILYN MAKO as CO-RESIDENT at the address of 1205 NE 16TH AVE, FT.
LAUDERDALE, FL 33304,/ of the within named person's usual place of abode) who resides therein, who is fifteen (15) years
of age or older and informed said person of the contents therein, in compliance with state statutes.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A SPECIAL
PROCESS SERVER APPOINTED BY THE SHERIFF, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH
PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING
(DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.

FELIX ONATE
SPS #473

OJF SERVICES, INC.
13727 S.W. 152nd Street
P.M.B. 354
Miami, FL 33177
(786) 293-5750

Our Job Serial Number: OJF-2017012428

Copyright © 1992-2017 Database Services, Inc. - Process Server's Toolbox V7.2g



A's    EX (B)
Filed 5-10   A.D. 2018

Case No. 17-21758-CA01

HARVEY RUVIN
Clerk Circuit Court

## RETURN OF SERVICE

State of Florida                County of MIAMI-DADE                    Circuit Court

Case Number: 2017-21758-CA-01

Plaintiff:
CAROLINA RAMOS DOMINGUEZ

vs.

Defendant:
CALDER RACE COURSE, INC, ET. AL.,

For:
Jason S. Remer
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street
Ste 2200
Miami, FL 33130

Received by OJF SERVICES, INC. on the 27th day of September, 2017 at 4:35 pm to be served on SAFFIE JOSEPH, JR.
RACING, INC., 1627 BRICKELL AVE, APT. 801, MIAMI, FL 33129.

I, FELIX ONATE, do hereby affirm that on the 11th day of October, 2017 at 11:17 am, I:

CORPORATE:  served by delivering a true copy of the SUMMONS AND COMPLAINT with the date and hour of service
endorsed thereon by me, to: MARILYN MAKO as AGENT of SAFFIE JOSEPH, JR. RACING, INC.1205 NE 16TH AVE, FT.
LAUDERDALE, FL 33304, and informed said person of the contents therein, in compliance with Federal Rules of Civil
Procedure, Florida Statute 48.081 or other state statute as applicable.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A SPECIAL
PROCESS SERVER APPOINTED BY THE SHERIFF, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH
PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING
(DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.

FELIX ONATE
SPS #473

OJF SERVICES, INC.
13727 S.W. 152nd Street
P.M.B. 354
Miami, FL 33177
(786) 293-5750

Our Job Serial Number: OJF-2017012429

Copyright © 1992-2017 Database Services, Inc. - Process Server's Toolbox V7.2g



Detail by Entity Name

11/20/17, 11:01 AM

Ⅱ'S     EX. (1)
Filed 5-10   A.D. 2018

Case No. 17-21758-CA-01
HARVEY RUVIN
Clerk Circuit Court

DIVISION OF CORPORATIONS

**Sunbiz.org** DIVISION of
CORPORATIONS
an official State of Florida website

Department of State   /   Division of Corporations   /   Search Records   /   Detail By Document Number   /

# Detail by Entity Name

Florida Profit Corporation
SAFFIE JOSEPH JR. RACING, INC.

**Filing Information**

| | |
|---|---|
| **Document Number** | P11000028539 |
| **FEI/EIN Number** | 45-1003784 |
| **Date Filed** | 03/23/2011 |
| **State** | FL |
| **Status** | ACTIVE |

**Principal Address**

1627 BRICKELL AVE APT 801
MIAMI, FL 33129

**Mailing Address**

1205 NE 16 AVE
Fort Lauderdale, FL 33304

Changed: 05/04/2016

**Registered Agent Name & Address**

JOSEPH, SAFFIE A., Jr.
1627 BRICKELL AVE APT 801
MIAMI, FL 33129

Name Changed: 02/18/2013

**Officer/Director Detail**

**Name & Address**

Title MR

JOSEPH, SAFFIE A, Jr.
1627 BRICKELL AVE APT 801
MIAMI, FL 33129

Detail by Entity Name

11/20/17, 11:01 AM

## Annual Reports

| Report Year | Filed Date |
|---|---|
| 2015 | 05/04/2015 |
| 2016 | 02/16/2016 |
| 2017 | 01/15/2017 |

## Document Images

| | |
|---|---|
| 01/15/2017 -- ANNUAL REPORT | View image in PDF format |
| 02/16/2016 -- ANNUAL REPORT | View image in PDF format |
| 05/04/2015 -- ANNUAL REPORT | View image in PDF format |
| 01/19/2014 -- ANNUAL REPORT | View image in PDF format |
| 02/18/2013 -- ANNUAL REPORT | View image in PDF format |
| 01/23/2012 -- ANNUAL REPORT | View image in PDF format |
| 03/23/2011 -- Domestic Profit | View image in PDF format |

Florida Department of State, Division of Corporations

Filing # 72273075 E-Filed 05/17/2018 09:37:24 AM

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CAROLINA RAMOS DOMINGUEZ

      Plaintiff(s),

v.                            **CASE No.: 17-21758-CA-01**

SAFFIE JOSEPH JR. RACING, INC. and
SAFFIE JOSEPH, JR., individually,

      Defendants.

_____/

## NOTICE OF HEARING

TO:   Ernesto S. Medina, Esq.
      782 NW 42nd Avenue, Suite 634
      Miami, FL 33126
      305-260-0541
      emedina0653@yahoo.com

**YOU ARE HEREBY NOTIFIED** that the undersigned has called up for hearing the following:

**MATTER:** Plaintiff's Motion to File an Amended Complaint
**DATE:**  Wednesday, June 27, 2018
**TIME:**  9:00am
**JUDGE:** Honorable Judge Rodney Smith
**PLACE:** Miami Dade County Courthouse, 73 West Flagler Street, Miami, FL 33130, DCC 1401

Dated this 17th day of May 2018

                               Respectfully submitted,

                               */s/: Brody Shulman*
                               Jason Remer, Esq.
                               Florida Bar No.: 0165580

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished to:

**TO:**    Ernesto S. Medina, Esq.
782 NW 42nd Avenue, Suite 634
Miami, FL 33126
305-260-0541
emedina0653@yahoo.com

By: */s/: Brody Shulman*
Jason Remer, Esq.
Florida Bar Number: 165580
Brody Shulman, Esq.
Bar No. 92044
Remer & Georges-Pierre, PLLC
44 West Flagler Street, Suite 2200
Miami, FL 33130
305-416-5000
jremer@rgpattorneys.com
bshulman@rgpattorneys.com

(16)

**IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA**

**CIRCUIT CIVIL DIVISION**
CASE NO: 17- 21758 CA 01



Carolina Ramos Dominguez,

Plaintiff(s),

vs.

Saffie Joseph Jr. Racing, Inc., et. al.

Defendant(s),

**ORDER
GRANTING/~~DENYING~~**
**PLAINTIFF'S/~~DEFENDANTS~~**
MOTION TO Amend

**THIS CAUSE** having come on to be heard on June 27, 2018 on Plaintiff's/~~Defendant's~~ Motion To Amend the Complaint

and the Court having heard arguments of counsel, and being otherwise advised in the premises, it is hereupon

**ORDERED AND ADJUDGED** that said Motion be, and the same is hereby

Granted. Plaintiff shall have seven (7) days to file an Amended Complaint.

**DONE AND ORDERED** in Chambers at Miami-Dade County, Florida this 27

day of June , 2018.

**CIRCUIT COURT JUDGE**

Rodney Smith
Circuit Judge

Copies furnished to: Counsel of Record

117_01-554   3/11

Filing # 74368679 E-Filed 07/02/2018 11:46:26 AM

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT
IN AND FOR MIAMI DADE COUNTY, FLORIDA

CASE No.: 2017-21758 CA 01

**CAROLINA RAMOS DOMINGUEZ,**

　　　　**Plaintiff,**

**vs.**

**GULFSTREAM PARK RACING ASSOCIATION, INC.,**
**SAFFIE JOSEPH JR. RACING, INC.** and
**SAFFIE JOSEPH, JR.**, individually,

　　　　**Defendants.**
_____/

## FIRST AMENDED COMPLAINT

### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

COMES NOW the Plaintiff **CAROLINA RAMOS**, and other similarly situated individuals, by and through the undersigned counsel, hereby sues Defendant **GULFSTREAM PARK RACING ASSOCIATION, INC.** a Florida Profit Corporation, Defendant **SAFFIE JOSEPH JR. RACING, INC.**, a Florida Profit Corporation, and Defendant **SAFFIE A. JOSEPH, JR.**, individually, (collectively herein referred to as "Defendants"), and in support states as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $15,000.00 excluding attorneys' fees or costs, for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3. Plaintiff was, at all times relevant to this action, a resident of Broward County Florida, within the jurisdiction of this Honorable Court. Plaintiff is covered employee for purposes of the FLSA.

4. Defendant, GULFSTREAM PARK RACING ASSOCIATION, INC., a Florida Profit Corporation, has a location and operates in Miami-Dade County, Florida where Plaintiff worked for Defendant, and at all times material hereto, was and is engaged in interstate commerce.

5. Defendant, SAFFIE JOSEPH JR. RACING, INC., a Florida Profit Corporation, has a location and operates in Miami-Dade County, Florida where Plaintiff worked for Defendant, and at all times material hereto, was and is engaged in interstate commerce.

6. Defendant, SAFFIE A. JOSPEH, JR., is a corporate officer, and exercised operational control over the activities of the corporate Defendant, SAFFIE JOSEPH JR. RACING, INC.

7. Both corporate Defendants GULFSTREAM PARK RACING ASSOCIATION, INC. and SAFFIE JOSPEH JR. RACING, INC. acted directly or indirectly, to such an extent, in the interest of each other in relation to the administration of employees, like PLAINTIFF, and as such, a commonality between the corporate DEFENDANTS exist.

8. Venue is proper in Miami-Dade County because all of the actions that form the basis of this Amended Complaint occurred within Miami-Dade County and payment was due in Miami-Dade County.

9. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10.   Plaintiff performed work for Defendants from on or about January 3, 2014, through on or about May 25, 2017 as a non-exempt horse groomer.

11.   While employed, Plaintiff was required to follow all rules and regulations set forth by Defendants was required to wear identification for the Gulfstream Park Race Track, and was required to undergo background and criminal checks per Gulfstream Park Race Track's requirements.

12.   Plaintiff, by virtue of Plaintiff's rate of pay and/or job duties was a non-exempt employee.

13.   Plaintiff worked seven days per week and approximately 10 hours per day.

14.   Plaintiff typically received $700.00 per week where Plaintiff was paid approximately $300.00 in cash and $400.00 in a check.

15.   Throughout Plaintiff's employment with Defendants, Plaintiff did not receive proper payment for all hours worked.

16.   Defendants had, or should have had, full knowledge of all hours worked by Plaintiff and including those hours worked in excess of forty (40) in a given work week.

17.   Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) each week, as proscribed by the laws of the United States.

18.     Plaintiff claims there is other similarly situated current and former horse groomers working, or previously working, for Defendants.

19.     Plaintiff, and other similarly-situated current and former horse groomers of Defendants, performed similarly duties for Defendants and were subject to similar policies as to compensation.

20.     Plaintiff and other similarly-situated current and former horse groomers of Defendants, would benefit from joining this collective action alleged herein.

## COUNT I
### *Wage & Hour Federal Statutory Violation against*
### *GULFSTREAM PARK RACING ASSOCIATION, INC.*

21.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 20 of this Amended Complaint as if set out in full herein.

22.     This action is brought by Plaintiff to recover from Defendant unpaid overtime wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*

23.     Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

24.     At all times pertinent to this Amended Complaint, corporate Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the corporate Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

25.     Upon information and belief, at all times material hereto, corporate Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendant named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that corporate Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

26.     By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

27.     Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this Amended Complaint.

28.     Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

29.     To the extent that Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments, the statute of limitations for Plaintiff's FLSA

claims is equitably tolled. *See, e.g.*, *Cruz v. Maypa*, 773 F.3d 138, 147 (4th Cir. 2014) (extending failure-to-post tolling in the ADEA context to the FLSA); *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) ("[F]ailure to provide required notice of the governing legal requirements may be a sufficient basis for tolling."); *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Pa. 1984) ("An employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations.").

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A.      Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.      Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

C.      Award Plaintiff an equal amount in double damages/liquidated damages;

D.      Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

E.      Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances; and

F.      Grant Plaintiff a trial by jury.

**COUNT II**
*Wage & Hour Federal Statutory Violation against*
*SAFFIE JOSEPH JR. RACING, INC.*

30.      Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 20 of this Amended Complaint as if set out in full herein.

31.    This action is brought by Plaintiff to recover from Defendant unpaid overtime wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*

32.    Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

33.    At all times pertinent to this Amended Complaint, corporate Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the corporate Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

34.    Upon information and belief, at all times material hereto, corporate Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendant named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that corporate Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

35.    By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards

Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

36.     Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this Amended Complaint.

37.     Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

38.     To the extent that Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments, the statute of limitations for Plaintiff's FLSA claims is equitably tolled. *See, e.g.*, *Cruz v. Maypa*, 773 F.3d 138, 147 (4th Cir. 2014) (extending failure-to-post tolling in the ADEA context to the FLSA); *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) ("[F]ailure to provide required notice of the governing legal requirements may be a sufficient basis for tolling."); *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Pa. 1984) ("An employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations.").

        **WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A.      Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.      Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

C.      Award Plaintiff an equal amount in double damages/liquidated damages;

D.      Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

E.      Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances; and

F.      Grant Plaintiff a trial by jury.

## COUNT III
### Wage & Hour Federal Statutory Violation against
### SAFFIE A. JOSEPH, JR.

29.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 20 of this Amended Complaint as if set out in full herein.

30.    At the times mentioned, Defendant was, and is now, the Owner of corporate Defendant, SAFFIE JOSEPH JR. RACING, INC.

31.    Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

32.    Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

33.    Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff

these wages since the commencement of Plaintiffs' employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A.     Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.     Adjudge and decree that Defendant exhibited operational control and, as such, is jointly and severally responsible for the damage at issue;

C.     Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

D.     Award Plaintiff an equal amount in double damages/liquidated damages;

E.     Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

F.     Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances; and

G.     Grant Plaintiff a trial by jury.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: 7/2/18

Respectfully submitted,

**/s/ Brody M. Shulman**
Jason S. Remer, Esq.
Florida Bar No.: 0165580
Brody M. Shulman, Esq.
Fla. Bar No.: 092044

**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

**CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2018 a true and correct copy the foregoing was communicated to counsel for Defendants via Florida's e-Filing electronic service system.

By: /s/ **Brody M. Shulman**
    Jason S. Remer, Esq.
    Florida Bar Number: 0165580
    Brody M. Shulman, Esq.
    Florida Bar Number: 092044

Filing # 74368679 E-Filed 07/02/2018 11:46:26 AM

## IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT
## IN AND FOR MIAMI DADE COUNTY, FLORIDA

### CASE No.: 2017-21758 CA 01

**CAROLINA RAMOS DOMINGUEZ,**

    **Plaintiff,**

**vs.**

**GULFSTREAM PARK RACING ASSOCIATION, INC.,**
**SAFFIE JOSEPH JR. RACING, INC.** and
**SAFFIE JOSEPH, JR.,** individually,

    **Defendants.**

_____/

### SUMMONS IN A CIVIL CASE

TO:         **GULFSTREAM PARK RACING ASSOCIATION, INC**

C T CORPORATION SYSTEM
C/O C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Harvey Ruvin,
Clerk of Courts

7/11/2018

CLERK

*Conelle Brown* 164659

DATE

(BY) DEPUTY CLERK

Filing # 78543774 E-Filed 09/27/2018 03:30:11 PM

## RETURN OF SERVICE

State of Florida                    County of MIAMI-DADE                    Circuit Court

Case Number: 2017-21758-CA-01

Plaintiff:
**CAROLINA RAMOS DOMINGUEZ**

vs.

Defendant:
**CALDER RACE COURSE, INC, ET. AL.,**

For:
Jason S. Remer
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street
Ste 2200
Miami, FL 33130

Received by OJF SERVICES, INC. on the 14th day of May, 2018 at 8:52 am to be served on **SAFFIE JOSEPH JR, 1627 BRICKELL AVE, APT. 801, MIAMI, FL 33129.**

I, ANDREW KARP, do hereby affirm that on the **27th day of September, 2018** at **7:00 am, I:**

**INDIVIDUAL/PERSONAL:** served by delivering a true copy of the **SUMMONS AND COMPLAINT** to: **SAFFIE JOSEPH JR** at the address of: **901 S. FEDERAL HWY, HALLANDALE BEACH, FL 33009** with the date and hour of service endorsed thereon by me, and informed said person of the contents therein, in compliance with state statutes.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A SPECIAL PROCESS SERVER APPOINTED BY THE SHERIFF, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.

ANDREW KARP
SPS #260

OJF SERVICES, INC.
13727 S.W. 152nd Street
P.M.B. 354
Miami, FL 33177
(786) 293-5750

Our Job Serial Number: OJF-2018006508

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V8.0g



**IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT
IN AND FOR MIAMI DADE COUNTY, FLORIDA**

CASE No.: 2017-21758 CA 01

CAROLINA RAMOS DOMINGUEZ,

    Plaintiff,

vs.

SAFFIE JOSEPH JR. RACING, INC. and
SAFFIE JOSEPH, JR., individually,

    Defendants.

DATE 9/27/18   TIME 700A

INITIALS

**SUMMONS IN A CIVIL CASE**

( 305) 338-7517

TO: SAFFIE JOSEPH JR. ~~through its Registered Agent~~

    works at Gulfsrem
    racetrack

       SAFFIE A JOSEPH, Jr.
       ~~1627 BRICKELL AVE APT 801~~
       ~~MIAMI, FL 33129~~   AKA BABA

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

       JASON S. REMER, ESQ.     901 S. federal Hwy
       REMER & GEORGES-PIERRE, PLLC.   Hollandale, FL 33009
       44 WEST FLAGLER STREET
       SUITE 2200
       MIAMI, FL 33130

an answer to the amended complaint which is herewith served upon you, within **20 days** after
service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment
by default will be taken against you for the relief demanded in the complaint. You must also file
your answer with the Clerk of this Court within a reasonable period of time after service.

MAY 1 1 2018

HARVEY RUVIN

CLERK

(BY) DEPUTY CLERK

DATE

MILITARY
YES   NO

OJF SERVICES, INC.
WWW.OJFSERVICES.COM
954.929.4215

65528

Filing # 78543774 E-Filed 09/27/2018 03:30:11 PM

## RETURN OF SERVICE

State of Florida                County of MIAMI-DADE                Circuit Court

Case Number: 2017-21758-CA-01

Plaintiff:
**CAROLINA RAMOS DOMINGUEZ**

vs.

Defendant:
**CALDER RACE COURSE, INC, ET. AL.,**

For:
Jason S. Remer
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street
Ste 2200
Miami, FL 33130

Received by OJF SERVICES, INC. on the 14th day of May, 2018 at 8:52 am to be served on **SAFFIE JOSEPH JR RACING, INC C/O SAFFIE A. JOSEPH, JR., AS REGISTERED AGENT, 1627 BRICKELL AVE, APT. 801, MIAMI, FL 33129.**

I, ANDREW KARP, do hereby affirm that on the **27th day of September, 2018** at **7:00 am**, I:

**CORPORATE - REGISTERED AGENT:** served by delivering a true copy of the **SUMMONS AND COMPLAINT** with the date and hour of service endorsed thereon by me, to: **SAFFIE A. JOSEPH JR** as **Registered Agent** At the address of: **901 S. FEDERAL HWY, HALLANDALE BEACH, FL 33009** for **SAFFIE JOSEPH JR RACING, INC C/O SAFFIE A. JOSEPH, JR., AS REGISTERED AGENT**, and informed said person of the contents therein, in compliance with state statutes.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A SPECIAL PROCESS SERVER APPOINTED BY THE SHERIFF, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.

ANDREW KARP
SPS #260

OJF SERVICES, INC.
13727 S.W. 152nd Street
P.M.B. 354
Miami, FL 33177
(786) 293-5750

Our Job Serial Number: OJF-2018006509

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V8.0g





## IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT
## IN AND FOR MIAMI DADE COUNTY, FLORIDA

### CASE No.: 2017-21758 CA 01

**CAROLINA RAMOS DOMINGUEZ,**

   Plaintiff,

vs.

**SAFFIE JOSEPH JR. RACING, INC.** and
**SAFFIE JOSEPH, JR.**, individually,

   Defendants.

DATE _____ TIME _____

INITIALS: _____

### SUMMONS IN A CIVIL CASE

TO: SAFFIE JOSEPH JR. RACING, INC., through its Registered Agent:

### SAFFIE A JOSEPH, Jr.
### ~~1627 BRICKELL AVE APT 801~~
### ~~MIAMI, FL 33129~~

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the amended complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

MAY 1 1 2018

CLERK _____   DATE

(BY) DEPUTY CLERK

OJF SERVICES, INC.
954.929.4215
WWW.OJFSERVICES.COM

Filing # 79070721 E-Filed 10/09/2018 12:49:40 PM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

CASE NUMBER 2017-021758 CA 01

CAROLINA RAMOS DOMINGUEZ
And other similarly situated individuals,

        Plaintiffs,

vs.

CALDER RACE COURSE, INC., a
Florida Profit Corporation, SAFFIE
JOSEPH JR. RACING, INC., a Florida
Profit Corporation, and SAFFIE A.
JOSEPH JR., individually,

        Defendants.

_____/

**DEFENDANTS, SAFFIE JOSEPH JR. RACING, INC., a Florida Profit Corporation and
SAFFIE A. JOSEPH JR., individually SPECIAL APPEARANCE SOLELY FOR
PURPOSE OF MOVING TO DISMISS FOR FAILURE TO COMPLY WITH Fla. R. Civ.
P. 1.070(j) OF THE RULES OF CIVIL PROCUDURE
AND FOR SERVICE OF WRONG COMPLAINT**

      COMES NOW, the Defendants, Saffie Joseph Jr. Racing, Inc., a Florida Profit
Corporation and Saffie A. Joseph, Jr., individually, by special appearance, by their undersigned
counsel and moves to dismiss this for failure to comply with Fla. R. Civ. P. 1.070(j) and for
service of wrong complaint and as grounds thereof states as follows:

    1.    Plaintiff has failed to comply with Fla. R. Civ. P. 1.070(j).

    2.    Plaintiff has never sought an extension of time to effectuate service.

    3.    Plaintiff's service effectuated on September 27, 2018 contained the wrong
        complaint. Plaintiff had since amended said complaint as indicated on the Court
        Docket item 30 dated July 2, 2018. Attached is a copy of the original complaint
        served on Defendant on September 27, 2018 as Exhibit A.

4.   Plaintiff lacks good cause for not complying with said Fla. R. Civ. P. 1.070(j), therefore this action should be dismissed.

WHEREFORE the Defendants respectfully request that this Honorable Court grant this motion and dismiss this action.

I hereby certify that a true and correct copy of the foregoing has been forwarded by email this _9ᵗʰ_ day of _October_ , 2018 to:

Jason S. Remer, Esquire
Via Email: jremer@rgpattorneys.com

**ERNESTO S. MEDINA, ESQUIRE**
782 NW 42ᴺᴰ Avenue, Suite 6
Miami, Florida 33126
(305) 260-0541

Ernesto S. Medina, Esquire
Fla. Bar No. 299855

2

IN THE CIRCUIT COURT OF THE 11ᵗʰ JUDICIAL CIRCUIT
IN AND FOR MIAMI DADE COUNTY, FLORIDA

CASE No.: 2017-21758 CA 01

CAROLINA RAMOS DOMINGUEZ,

     Plaintiff,

vs.

SAFFIE JOSEPH JR. RACING, INC. and
SAFFIE JOSEPH, JR., individually,

     Defendants.

_____/

## SUMMONS IN A CIVIL CASE

TO: SAFFIE JOSEPH JR. ~~through its Registered Agent~~:

SAFFIE A JOSEPH, Jr.
1627 BRICKELL AVE APT 801
MIAMI, FL 33129

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the amended complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK      Hilda Colina

(BY) DEPUTY CLERK

_____
DATE

Filing # 61326122 E-Filed 09/05/2017 02:40:09 PM

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

CASE NO._____

**CAROLINA RAMOS DOMINGUEZ,**
And other similarly situated individuals,

      Plaintiff(s),

v.

**CALDER RACE COURSE, INC.,** a Florida
Profit Corporation, **SAFFIE JOSEPH
JR. RACING, INC.,** a Florida Profit
Corporation, and **SAFFIE A. JOSEPH,
JR.,** individually;

      Defendants.

_____/

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

COMES NOW the Plaintiff, **CAROLINA RAMOS**, and other similarly situated

individuals, by and through the undersigned counsel, hereby sues Defendant, CALDER RACE

COURSE, INC., a Florida Profit Corporation, Defendant, SAFFIE JOSEPH JR. RACING, INC,

a Florida Profit Corporation, and Defendant, SAFFIE A. JOSEPH, JR., individually;

(collectively herein referred to as ("Defendants"), and in support states as follows:

## GENERAL ALLEGATIONS

1.    This is an action by the Plaintiff for damages exceeding $15,000.00 excluding attorneys'

     fees or costs, for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-

     219 ("FLSA").

2.    This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3.      Plaintiff was, at all times relevant to this action, a resident of Broward County Florida, within the jurisdiction of this Honorable Court. Plaintiff is covered employee for purposes of the FLSA.

4.      Defendant, CALDER RACE COURSE, INC., a Florida Profit Corporation, has a location and operates in Miami-Dade County, Florida where Plaintiff worked for Defendant, and at all times material hereto, was and is engaged in interstate commerce.

5.      Defendant, SAFFIE JOSEPH JR. RACING, INC., a Florida Profit Corporation, has a location and operates in Miami-Dade County, Florida where Plaintiff worked for Defendant, and at all times material hereto, was and is engaged in interstate commerce.

6.      Defendant, SAFFIE A. JOSPEH, JR., is a corporate officer, and exercised operational control over the activities of the corporate Defendant, SAFFIE JOSEPH JR. RACING, INC.

7.      Both corporate Defendants CALDER RACE COURSE, INC. and SAFFIE JOSPEH JR. RACING, INC. acted directly or indirectly, to such an extent, in the interest of each other in relation to the administration of employees, like PLAINTIFF, and as such, a commonality between the corporate DEFENDANTS exist.

8.      Venue is proper in Miami-Dade County because all of the actions that form the basis of this Complaint occurred within Miami-Dade County and payment was due in Miami-Dade County.

9.      All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10. Plaintiff performed work for Defendants from on or about January 3, 2014, through on or about May 25, 2017 as a non-exempt horse groomer.

11. While employed, Plaintiff was required to follow all rules and regulations set forth by the Corporate DEFENDANTS, was required to wear identification for the Calder Race Track, and was required to undergo background and criminal checks per Calder Race Track's requirements.

12. Plaintiff, by virtue of Plaintiff's rate of pay and/or job duties was a non-exempt employee.

13. Plaintiff worked seven days per week and approximately 10 hours per day.

14. Plaintiff typically received $700.00 per week where Plaintiff was paid approximately $300.00 in cash and $400.00 in a check.

15. Throughout Plaintiff's employment with Defendants, Plaintiff did not receive proper payment for all hours worked.

16. Defendants had, or should have had, full knowledge of all hours worked by Plaintiff and including those hours worked in excess of forty (40) in a given work week.

17. Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) each week, as proscribed by the laws of the United States.

18. Plaintiff claims there is other similarly situated current and former horse groomers working, or previously working, for Defendants.

19. Plaintiff, and other similarly-situated current and former horse groomers of Defendants, performed similarly duties for Defendants and were subject to similar policies as to compensation.

20. Plaintiff and other similarly-situated current and former horse groomers of Defendants, would benefit from joining this collective action alleged herein.

## COUNT I
### Wage & Hour Federal Statutory Violation against
### CALDER RACE COURSE, INC.

21.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 20 of this Complaint as if set out in full herein.

22.     This action is brought by Plaintiff to recover from Defendant unpaid overtime wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*

23.     Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

24.     At all times pertinent to this Complaint, corporate Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the corporate Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

25.     Upon information and belief, at all times material hereto, corporate Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendant named herein, or which are as of yet unknown but will be revealed through further discovery.  To the extent that corporate Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

26.   By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

27.   Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

28.   Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

29.   To the extent that Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments, the statute of limitations for Plaintiff's FLSA claims is equitably tolled. *See, e.g., Cruz v. Maypa*, 773 F.3d 138, 147 (4th Cir. 2014) (extending failure-to-post tolling in the ADEA context to the FLSA); *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) ("[F]ailure to provide required notice of the governing legal requirements may be a sufficient basis for tolling."); *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Pa. 1984) ("An employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations.").

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

C.  Award Plaintiff an equal amount in double damages/liquidated damages;

D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances; and

F.  Grant Plaintiff a trial by jury.

## COUNT II
### *Wage & Hour Federal Statutory Violation against*
### *SAFFIE JOSEPH JR. RACING, INC.*

30.  Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 20 of this complaint as if set out in full herein.

31.  This action is brought by Plaintiff to recover from Defendant unpaid overtime wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*

32.  Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

33.  At all times pertinent to this Complaint, corporate Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the corporate Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

34.   Upon information and belief, at all times material hereto, corporate Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendant named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that corporate Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

35.   By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

36.   Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

37.   Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

38.   To the extent that Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments, the statute of limitations for Plaintiff's FLSA claims is equitably tolled. *See, e.g., Cruz v. Maypa*, 773 F.3d 138, 147 (4th Cir. 2014) (extending failure-to-post tolling in the ADEA context to the FLSA); *Yu G. Ke v. Saigon Grill, Inc.,*

595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) ("[F]ailure to provide required notice of the governing legal requirements may be a sufficient basis for tolling."); *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Pa. 1984) ("An employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations.").

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances; and

F. Grant Plaintiff a trial by jury.

## COUNT III
*Wage & Hour Federal Statutory Violation against*
*SAFFIE A. JOSEPH, JR.*

29.   Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 20 of this complaint as if set out in full herein.

30.   At the times mentioned, Defendant was, and is now, the Owner of corporate Defendant, SAFFIE JOSEPH JR. RACING, INC.

31.   Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

32. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

33. Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiffs' employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Adjudge and decree that Defendant exhibited operational control and, as such, is jointly and severally responsible for the damage at issue;

C. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

D. Award Plaintiff an equal amount in double damages/liquidated damages;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances; and

G. Grant Plaintiff a trial by jury.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: _____8-28-17_____

Respectfully submitted,

Jason S. Remer, Esq.
Florida Bar No. 165580
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler St., Suite 2200
Miami, FL 33130
Telephone:  305-416-5000
Facsimile: 305-416-5005
jremer@rgpattorneys.com
bshulman@rgpattorneys.com
ts@rgpattorneys.com
ad@rgpattorneys.com

## IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT
## IN AND FOR MIAMI DADE COUNTY, FLORIDA

### CASE No.: 2017-21758 CA 01

**CAROLINA RAMOS DOMINGUEZ,**

    **Plaintiff,**

vs.

**SAFFIE JOSEPH JR. RACING, INC.** and
**SAFFIE JOSEPH, JR.**, individually,

    **Defendants.**

                           /

### SUMMONS IN A CIVIL CASE

TO: **SAFFIE JOSEPH JR. RACING, INC.**, through its Registered Agent:

    **SAFFIE A JOSEPH, Jr.**
    **1627 BRICKELL AVE APT 801**
    **MIAMI, FL 33129**

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

    JASON S. REMER, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    44 WEST FLAGLER STREET
    SUITE 2200
    MIAMI, FL 33130

an answer to the amended complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

MAY 1 1 2018

CLERK      Hilda Colina      DATE

(BY) DEPUTY CLERK

Filing # 61326122 E-Filed 09/05/2017 02:40:09 PM

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

CASE NO._____

**CAROLINA RAMOS DOMINGUEZ,**
And other similarly situated individuals,

      Plaintiff(s),

v.

**CALDER RACE COURSE, INC.,** a Florida
Profit Corporation, **SAFFIE JOSEPH
JR. RACING, INC.,** a Florida Profit
Corporation, and **SAFFIE A. JOSEPH,
JR.,** individually;

      Defendants.

_____/

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

COMES NOW the Plaintiff **CAROLINA RAMOS**, and other similarly situated

individuals, by and through the undersigned counsel, hereby sues Defendant, CALDER RACE

COURSE, INC., a Florida Profit Corporation, Defendant, SAFFIE JOSEPH JR. RACING, INC,

a Florida Profit Corporation, and Defendant, SAFFIE A. JOSEPH, JR., individually;

(collectively herein referred to as ("Defendants"), and in support states as follows:

### GENERAL ALLEGATIONS

1.    This is an action by the Plaintiff for damages exceeding $15,000.00 excluding attorneys'

    fees or costs, for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-

    219 ("FLSA").

2.    This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3.  Plaintiff was, at all times relevant to this action, a resident of Broward County Florida, within the jurisdiction of this Honorable Court. Plaintiff is covered employee for purposes of the FLSA.

4.  Defendant, CALDER RACE COURSE, INC., a Florida Profit Corporation, has a location and operates in Miami-Dade County, Florida where Plaintiff worked for Defendant, and at all times material hereto, was and is engaged in interstate commerce.

5.  Defendant, SAFFIE JOSEPH JR. RACING, INC., a Florida Profit Corporation, has a location and operates in Miami-Dade County, Florida where Plaintiff worked for Defendant, and at all times material hereto, was and is engaged in interstate commerce.

6.  Defendant, SAFFIE A. JOSPEH, JR., is a corporate officer, and exercised operational control over the activities of the corporate Defendant, SAFFIE JOSEPH JR. RACING, INC.

7.  Both corporate Defendants CALDER RACE COURSE, INC. and SAFFIE JOSPEH JR. RACING, INC. acted directly or indirectly, to such an extent, in the interest of each other in relation to the administration of employees, like PLAINTIFF, and as such, a commonality between the corporate DEFENDANTS exist.

8.  Venue is proper in Miami-Dade County because all of the actions that form the basis of this Complaint occurred within Miami-Dade County and payment was due in Miami-Dade County.

9.  All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

10. Plaintiff performed work for Defendants from on or about January 3, 2014, through on or about May 25, 2017 as a non-exempt horse groomer.

11. While employed, Plaintiff was required to follow all rules and regulations set forth by the Corporate DEFENDANTS, was required to wear identification for the Calder Race Track, and was required to undergo background and criminal checks per Calder Race Track's requirements.

12. Plaintiff, by virtue of Plaintiff's rate of pay and/or job duties was a non-exempt employee.

13. Plaintiff worked seven days per week and approximately 10 hours per day.

14. Plaintiff typically received $700.00 per week where Plaintiff was paid approximately $300.00 in cash and $400.00 in a check.

15. Throughout Plaintiff's employment with Defendants, Plaintiff did not receive proper payment for all hours worked.

16. Defendants had, or should have had, full knowledge of all hours worked by Plaintiff and including those hours worked in excess of forty (40) in a given work week.

17. Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) each week, as proscribed by the laws of the United States.

18. Plaintiff claims there is other similarly situated current and former horse groomers working, or previously working, for Defendants.

19. Plaintiff, and other similarly-situated current and former horse groomers of Defendants, performed similarly duties for Defendants and were subject to similar policies as to compensation.

20. Plaintiff and other similarly-situated current and former horse groomers of Defendants, would benefit from joining this collective action alleged herein.

## COUNT I
### *Wage & Hour Federal Statutory Violation against*
### *CALDER RACE COURSE, INC.*

21.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 20 of this Complaint as if set out in full herein.

22.    This action is brought by Plaintiff to recover from Defendant unpaid overtime wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*

23.    Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

24.    At all times pertinent to this Complaint, corporate Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the corporate Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

25.    Upon information and belief, at all times material hereto, corporate Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendant named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that corporate Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

26.   By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

27.   Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

28.   Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

29.   To the extent that Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments, the statute of limitations for Plaintiff's FLSA claims is equitably tolled. *See, e.g., Cruz v. Maypa,* 773 F.3d 138, 147 (4th Cir. 2014) (extending failure-to-post tolling in the ADEA context to the FLSA); *Yu G. Ke v. Saigon Grill, Inc.,* 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) ("[F]ailure to provide required notice of the governing legal requirements may be a sufficient basis for tolling."); *Kamens v. Summit Stainless, Inc.,* 586 F. Supp. 324, 328 (E.D. Pa. 1984) ("An employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations.").

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

A.   Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B.  Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

    C.  Award Plaintiff an equal amount in double damages/liquidated damages;

    D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

    E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances; and

    F.  Grant Plaintiff a trial by jury.

**COUNT II**
*Wage & Hour Federal Statutory Violation against*
*SAFFIE JOSEPH JR. RACING, INC.*

30.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 20 of this complaint as if set out in full herein.

31.    This action is brought by Plaintiff to recover from Defendant unpaid overtime wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*

32.    Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

33.    At all times pertinent to this Complaint, corporate Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the corporate Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

34.   Upon information and belief, at all times material hereto, corporate Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendant named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that corporate Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

35.   By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

36.   Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

37.   Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

38.   To the extent that Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments, the statute of limitations for Plaintiff's FLSA claims is equitably tolled. *See, e.g., Cruz v. Maypa,* 773 F.3d 138, 147 (4th Cir. 2014) (extending failure-to-post tolling in the ADEA context to the FLSA); *Yu G. Ke v. Saigon Grill, Inc.,*

5)5 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) ("[F]ailure to provide required notice of the governing legal requirements may be a sufficient basis for tolling."); *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Pa. 1984) ("An employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations.").

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances; and

F. Grant Plaintiff a trial by jury.

## COUNT III
### *Wage & Hour Federal Statutory Violation against*
### *SAFFIE A. JOSEPH, JR.*

29. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 20 of this complaint as if set out in full herein.

30. At the times mentioned, Defendant was, and is now, the Owner of corporate Defendant, SAFFIE JOSEPH JR. RACING, INC.

31. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

32. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

33. Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiffs' employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Adjudge and decree that Defendant exhibited operational control and, as such, is jointly and severally responsible for the damage at issue;

C. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

D. Award Plaintiff an equal amount in double damages/liquidated damages;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances; and

G. Grant Plaintiff a trial by jury.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: _____ 8-28-17_____

Respectfully submitted,

Jason S. Remer, Esq.
Florida Bar No. 165580
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler St., Suite 2200
Miami, FL 33130
Telephone: 305-416-5000
Facsimile: 305-416-5005
jremer@rgpattorneys.com
bshulman@rgpattorneys.com
ts@rgpattorneys.com
ad@rgpattorneys.com

Filing # 79667829 E-Filed 10/22/2018 02:19:29 PM

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT
IN AND FOR MIAMI DADE COUNTY, FLORIDA

CASE No.: 2017-21758 CA 01

CAROLINA RAMOS DOMINGUEZ,

      Plaintiff,

vs.

GULFSTREAM PARK RACING ASSOCIATION, INC.,
SAFFIE JOSEPH JR. RACING, INC. and
SAFFIE JOSEPH, JR., individually,

      Defendants.

_____/

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS SAFFIE JOSEPH JR. RACING, INC. AND SAFFIE JOSEPH, JR MOTION TO DISMISS AND *NUNC PRO TUNC* REQUEST FOR EXTENSION OF TIME TO SERVE

      COMES NOW, the Plaintiff **CAROLINA RAMOS DOMINGUEZ** ("Plaintiff"), by and through undersigned counsel pursuant to the Florida Rules of Civil Procedure, hereby respectfully files this Response in Opposition to Defendants Saffie Joseph Jr. Racing, Inc. and Saffie Joseph Jr. (hereinafter collectively referred to as "Defendants") Motion to Dismiss and respectfully requests that this Court deny Defendants' Motion and permit Plaintiff additional time, *nunc pro tunc*, to serve Defendants. In support, Plaintiff states as follows:

      1.    This case sounds under the Fair Labor Standards Act ("FLSA") for unpaid wages due and owing to the Plaintiff. Further, this case involves a long history of Defendants evading service of process.

      2.    Previously, Plaintiff's process server served Defendants through substitute service due to Defendants failing to properly maintain a registered agent, as required by Florida statute,

at the address listed on the corporate SunBiz filings.  On May 10, 2018, after a lengthy hearing, this Honorable Court quashed this substitute service.

3.      Thereafter, on July 2, 2018, after receiving leave of Court, Plaintiff filed her First Amended Complaint. The amendment was sought to solely bring in a new Defendant GULFSTREAM PARK RACING ASSOCIATION, INC. where no additional allegations, amendments, or other changes were filed as to the two Saffie Defendants.

4.      On September 27, 2018, after numerous attempts due to Defendants willful evasion of service, Plaintiff's process server finally effectuated service on both Defendants.

5.      Defendants now move for dismissal on the sole basis that they were not served within the requisite time provided for under applicable rules of procedure.

6.      Plaintiff, nevertheless, can demonstrate good cause sufficient to warrant a finding that otherwise untimely service is sufficient—as provided under the very same rule by which Defendants seek dismissal.

7.      Furthermore, Defendants conveniently ignore that, even in the absence of good cause, this Honorable Court has broad discretion to determine whether dismissal is appropriate. To that end, Defendants have utterly failed to mention or allege—much less demonstrate—any prejudice resulting from belated service.

8.      Indeed, Defendants do not contest means or sufficiency of service in this case. They, instead, rely solely on a self-serving and technical application of the rule without taking into consideration the underlying policies and whether they would be served in these circumstances.

9.      For these reasons, Defendants' instant Motion must be DENIED in its entirety.

## MEMORANDUM OF LAW

In proposing the 1999 amendment to rule 1.070(j), the Supreme Court explained that prior to amendment the rule sometimes acted as a severe sanction instead of a case management tool. *See Amendment to Florida Rule of Civil Procedure 1.070(j)—Time Limit For Service,* 720 So.2d 505 (Fla.1998). As now written, the rule presents a trial court with three options when a plaintiff has not properly served a defendant within 120 days after filing the initial pleading. *Chaffin v. Jacobson,* 793 So.2d 102, 103 (Fla. 2d DCA 2001). Those options are: (1) direct that service be effected within a specified time; (2) dismiss the action without prejudice; or (3) drop that defendant as a party. *Id.* at 103-04. If a plaintiff shows good cause or excusable neglect for failure to make timely service, the court must extend the time for service and has no discretion to do otherwise. *Id.* at 104. However, if neither good cause nor excusable neglect is shown, the trial court is no longer required to dismiss without prejudice or drop the defendant as a party, but is left to exercise its discretion. *Id.*

"[T]he purpose of Rule 1.070(j) is to speed the progress of cases on the civil docket, but not to give defendants a 'free' dismissal with prejudice." *Skrbic v. QCRC Assocs. Corp.,* 761 So.2d 349, 354 (Fla. 3d DCA 2000) (Cope, J., concurring in part and dissenting in part); *see also Mitschke-Collande v. Skipworthe Props. Ltd.,* 41 Fla. L. Weekly D757 (Fla. 3d DCA Mar. 23, 2016). Florida has a longstanding policy in favor of resolving civil disputes on the merits, and Rule 1.070(j) should serve as a case management tool and not as a severe sanction. *Sly v. McKeithen,* 27 So.3d 86, 87 (Fla. 1st DCA 2009); *see also Brown v. Ameri Star, Inc.,* 884 So.2d 1065, 1067 (Fla. 2d DCA 2004). Florida appellate courts have reiterated that Rule 1.070(j) "'is not intended to be a trap for the unwary, nor a rule to impose a secondary statute of limitations based on time of service.... We instead understand the rule to be an administrative tool to

efficiently move cases through the courts.'" *Gary J. Rotella & Assoc., P.A. v. Andrews,* 821 So.2d 468, 469 (Fla. 4th DCA 2002) (quoting *Sneed v. H.B. Daniel Constr. Co.,* 674 So.2d 158, 159 (Fla. 5th DCA 1996)).

Here, Plaintiff, after the Court quashed service on May 10, 2018, Plaintiff filed an Amended Complaint, with identical allegations against the Saffie Defendants, on July 2, 2018. With September 27, 2018 as the new service date on Defendants, this certainly falls within the 120-day window.  However, if this Court was to use the original filing date in its calculation, thereby placing the September 2018 service outside the 120-day mark, there exists good-cause to extend the time to serve Defendants and accept the most recent service as valid.

As is demonstrated above, while (potentially) Plaintiff acknowledges that Defendants were served more than 120 days after the case was filed, Plaintiff submits that Defendants have engaged in tactics to evade service.  To wit, Defendants failed (and continue to fail) to maintain a registered agent during the statutorily required hours and location. *See* Fla. Stat. 607.0501(1)(b)(1); See § 48.091(1), Fla. Stat. (2011) (requiring "[e]very Florida corporation and every foreign corporation now qualified or hereafter qualifying to transact business in this state shall designate a registered agent...")  Such continued actions are tantamount to evasion. Further, Plaintiff's process server attempted (and then successfully) served Defendants at their regular place of work: Gulfstream Park in Hallandale Beach, Florida.  As stated by Plaintiff's process server, completing service at Gulfstream Park is notoriously difficult as Defendants work from various horse stables and in secured areas.  Again, Defendants cloaking and obfuscation is nothing short of evasion and hindered Plaintiff's process server from effectuating timely service

The circumstance describe above are plainly consistent with the legion precedent showing that dismissal is not appropriate—especially given that Defendants have wholly failed

to even allege any prejudice resulting from purported delayed service. With few exceptions, Florida courts do not dismiss actions on account of a simple mistake by a lawyer or litigant, so long as there is no prejudice to the opposing party—and there is none here. *See, e.g., Torrey v. Leesburg Regional Medical Center,* 769 So.2d 1040, 1045-46 (Fla. 2000) (refusing to treat as a "nullity" pleadings filed by an attorney not licensed in Florida; such pleadings are amendable after authorized counsel enters the case); *Kaweblum v. Thornhill Estates Homeowner's Association, Inc.,* 755 So.2d 85, 87 (Fla.2000) (filing of notice of appeal in wrong court excused); *Kozel v. Ostendorf,* 629 So.2d 817, 818 (Fla.1993) (sanction less severe than dismissal with prejudice should be employed where feasible); *Commonwealth Federal Savings and Loan Ass'n. v. Tubero,* 569 So.2d 1271, 1273 (Fla.1990) (dismissal for failure to comply with discovery order permissible only if violation was willful); *North Shore Hospital, Inc. v. Barber,* 143 So.2d 849, 852 (Fla.1962) (default is to be set aside in cases of excusable neglect; all doubt is to be resolved in favor of adjudication on the merits).

Generally, the trial court enjoys "broad discretion to extend the time for service even when good cause for failing to meet the 120-day deadline has not been shown." *Roberts v. Stidham,* 19 So.3d 1155, 1157 (Fla. 5th DCA 2009) (*citing Bacchi v. Manna of Hernando,* 743 So.2d 34, 34 (Fla. 5th DCA 1999)). When the statute of limitations has run, preventing refiling of the complaint, trial courts should exercise discretion in favor of extending the service deadline:

> [I]f such a dismissal order is entered after the expiration of the statute of limitations, precluding timely refiling of the action, given Florida's "long-standing policy in favor of resolving civil disputes on the merits," and the intent that rule 1.070(j) serve as a "case management tool" and not as "a severe sanction," it ordinarily is an abuse of discretion not to allow additional time for service of the summonses even in the absence of a showing of good cause or excusable neglect.

*Brown v. Ameri Star, Inc.*, 884 So.2d 1065, 1067 (Fla. 2d DCA 2004) (*quoting Chaffin v. Jacobson*, 793 So.2d 102, 103-04 (Fla. 2d DCA 2001)). Here, if Plaintiff is required to re-file, she would lose a vast majority of her recoverable damages due to the limited statute of limitations in FLSA claims and will be denied her guaranteed access to court.

## CONCLUSION

The purpose of Fla. R. Civ. P. 1.07(j) is, "not intended to be a trap for the unwary, nor a rule to impose a secondary statute of limitations based on time of service. The results of such an interpretation would be harsh in a system where great emphasis is placed on deciding cases justly on the merits. We instead understand the rule to be an administrative tool to efficiently move cases through the courts. Sneed v. H.B. Daniel Construction, 674 So. 2d 158 (Fla. 5th D.C.A. 1996). Moreover, where the, "plaintiff serves process, even when invalid, the defendant must respond and the action progresses. Thus, the rule accomplishes its objective." *Bice v. Metz Construction Co.*, 699 So. 2d 745 (Fla. 4th D.C.A. 1997). Based on the foregoing, there is sufficient good case to warrant a denial of Defendants' instant Motion to Dismiss. Further, there is a good cause to support an Order from this Court providing a *nunc pro tunc* extension of time to serve Defendants and accept the September 27, 2018 as good service.

Date: 10/22/18

Respectfully submitted,

**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305)416-5000
Facsimile: (305)416-5005

By: */s/ Brody M. Shulman*
    Jason S. Remer, Esq.
    Fla. Bar No.: 0165580
    Brody M. Shulman, Esq.
    Fla. Bar No.: 092044
    Miriam Brooks, Esq.
    Fla. Bar No.: 0118144

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent electronic

mail on 10/22/18 to:

**Ernesto S. Medina, Esq.**
782 NE 42nd Ave, Suite 6
Miami, FL 33126
*Counsel for Defendants Saffie A. Joseph, Jr.*
*And Saffie A. Joseph, Jr., Racing, Inc.*

Filing # 80158045 E-Filed 10/31/2018 04:26:14 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.: 2017-021758-CA-01
Section: CA 34

CAROLINA RAMOS DOMINGUEZ
    Plaintiff,

vs.

CALDER RACE COURSE, INC
    Defendant.
_____/

## ORDER SETTING CASE MANAGEMENT CONFERENCE

    This case came before the Court for docket review and it is hereby:

**ORDERED AND ADJUDGED:**

    Counsels for the parties shall appear before the Honorable Rodney Smith , in Chambers, Room 13-1 at the Dade County Courthouse, 73 West Flagler Street, at 9:00 AM **on 12/03/2018. ALL PENDING MOTIONS MAY BE HEARD. THIS HEARING SHALL NEITHER BE CANCELLED NOR RESCHEDULED WITHOUT COURT ORDER. FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN DISMISSAL OR DEFAULT WITHOUT FURTHER NOTICE.**

    Parties may appear telephonically by submitting a written request and proposed order via e-Courtesy two (2) days prior to the hearing.

**DONE and ORDERED** in chambers at Miami Dade County, Florida this 30th day of October, 2018.

758-CA-01

_____
Rodney Smith
CIRCUIT COURT JUDGE

Electronic Service List:
Brody M Shulman <bshulman@rgpattorneys.com>, <ng@rgpattorneys.com>
Ernesto S Medina <emedina0653@yahoo.com>
Jason S Remer <jremer@rgpattorneys.com>, <ng@rgpattorneys.com>, <bshulman@rgpattorneys.com>
Nina C. Schmidt <nina.schmidt@lewisbrisbois.com>
Barry A Postman <barry.postman@csklegal.com>

Mailing Service List:
Gulfstream Park Racing Association, INC

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE, FLORIDA

CASE NUMBER:  2017-21758 CA 01

CAROLINA RAMOS DOMINGQUEZ,
     Plaintiff,

vs.

GULFSTREAM PARK RACING ASSOCIATION, INC.,
SAFFIE JOSEPH JR. RACING, ING., and
SAFFIE JOSEPH, JR., individually,
     Defendants.
_____/

### NOTICE OF HEARING

To:    Jason S. Remer, Esquire,
       Via Email: jremer@rgpattorneys.com

     YOU ARE HEREBY NOTIFIED that the undersigned has been set down for a

Hearing before Honorable Judge Rodney Smith on December 3, 2018 at 9:00 a.m., in

Room 13-1, at the MIAMI-DADE COUNTY COURTHOUSE, 73 West Flagler Street,

Miami, Florida, on:

**DEFENDANTS, SAFFIE JOSEPH JR. RACING, INC., a Florida Profit Corporation and SAFFIE
A. JOSEPH JR., individually SPECIAL APPEARANCE SOLELY FOR PURPOSE OF MOVING
TO DISMISS FOR FAILURE TO COMPLY WITH Fla. R. Civ. P. 1.070(j) OF THE RULES OF
CIVIL PROCEDURE AND FOR SERVICE OF WRONG COMPLAINT**

     I HEREBY CERTIFY that a true and correct copy of the foregoing was forwarded

to the above named addressee(s) this _____ day of _____, 2018.

**ERNESTO S. MEDINA, ESQUIRE**
782 NW 42nd Avenue, Suite 634
Miami, Florida 33126
305-260-0541
305-460-6888 fax
Email: emedina0653@yahoo.com

Ernesto S. Medina, Esquire
Fla. Bar No.: 299855

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION
CASE NO: *2017-021758 CA01*

*CAROLINA RAMOS DOMINGUEZ*

Plaintiff(s),

vs.

*SAFFIE JOSEPH, JR RACING,
INC., A FLA. CORP. AND
SAFFIE JOSEPH, JR, Individualy*

Defendant(s),

ORDER
GRANTING/DENYING
PLAINTIFF'S/DEFENDANT'S

THIS CAUSE having come on to be heard on *December 3, 2018*
on ~~Plaintiff's/~~Defendant's Motion *TO DISMISS*

and the Court having heard arguments of counsel, and being otherwise advised in the premises, it is hereupon

ORDERED AND ADJUDGED that said Motion be, and the same is hereby

*MOTION TO DISMISS DENIED,
MOTION TO QUASH SERVICE ON DEFENDANTS
SAFFIE JOSEPH, JR RACING, INC. AND
SAFFIE JOSEPH, JR. INDIVIDUALLY GRANTED.
PLAINTIFF HAS 90 DAYS TO EFFECT
SERVICE.*

DONE AND ORDERED in Chambers at Miami-Dade County, Florida this *3rd*

day of *DECEMBER, 2018*

_____
CIRCUIT COURT JUDGE

Copies furnished to: Counsel of Record

117_01-554   3/11   *MIRIAM BROOKS, ESQ
ERNESTO S. MEDINA, ESQ*

Filing # 81834245 E-Filed 12/07/2018 06:18:38 PM

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT
IN AND FOR MIAMI DADE COUNTY, FLORIDA

CASE No.: 2017-21758 CA 01

CAROLINA RAMOS DOMINGUEZ,

      Plaintiff,

vs.

GULFSTREAM PARK RACING ASSOCIATION, INC.,
SAFFIE JOSEPH JR. RACING, INC. and
SAFFIE JOSEPH, JR., individually,

      Defendants.

_____/

**AMENDED SUMMONS IN A CIVIL CASE**

TO:          SAFFIE JOSEPH JR. RACING, INC

Through its Registered Agent:
SAFFIE A. JOSEPH JR.
901 S. Federal Hwy
Hallandale Beach, FL 33009

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the First Amended Complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Harvey Ruvin,
Clerk of Courts

_____
CLERK

                     12/11/2018
                _____
                DATE

_____
(BY) DEPUTY CLERK

Filing # 81834245 E-Filed 12/07/2018 06:18:38 PM

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT
IN AND FOR MIAMI DADE COUNTY, FLORIDA

CASE No.: 2017-21758 CA 01

CAROLINA RAMOS DOMINGUEZ,

       Plaintiff,

vs.

GULFSTREAM PARK RACING ASSOCIATION, INC.,
SAFFIE JOSEPH JR. RACING, INC. and
SAFFIE JOSEPH, JR., individually,

       Defendants.

_____/

## SUMMONS IN A CIVIL CASE

TO:          GULFSTREAM PARK RACING ASSOCIATION, INC

C T CORPORATION SYSTEM
C/O C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the First Amended Complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Harvey Ruvin,
Clerk of Courts

_____
CLERK

12/11/2018
_____
DATE

_____
(BY) DEPUTY CLERK

Filing # 82408660 E-Filed 12/20/2018 12:03:39 PM

## RETURN OF SERVICE

State of Florida                    County of MIAMI-DADE                    Circuit Court

Case Number: 2017-21758 CA01

Plaintiff:
**CAROLINA RAMOS DOMINGUEZ**

vs.

Defendant:
**GULFSTREAM PARK RACING ASSOCIATION, INC., ET. AL.,**

For:
Jason S. Remer
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street
Ste 2200
Miami, FL 33130

Received by OJF SERVICES, INC. on the 18th day of December, 2018 at 7:51 am to be served on **GULFSTREAM PARK RACING ASSOCIATION, INC., 1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324.**

I, ANDREW KARP, do hereby affirm that on the **18th day of December, 2018 at 2:30 pm, I:**

**CORPORATE SERVED:** by delivering a true copy of the **SUMMONS AND AMENDED COMPLAINT** with the date and hour of service endorsed thereon by me, to: **DONNA MOCH** EMPLOYEE OF CT CORPORATION SYSTEM at the address of: 1200 **SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324** as registered agent for **GULFSTREAM PARK RACING ASSOCIATION, INC.**, and informed said person of the contents therein, in compliance with state statutes 48.081.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A SPECIAL PROCESS SERVER APPOINTED BY THE SHERIFF, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.

ANDREW KARP
SPS #260

OJF SERVICES, INC.
13727 S.W. 152nd Street
P.M.B. 354
Miami, FL 33177
(786) 293-5750

Our Job Serial Number: OJF-2018017897

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V8.0h



Filing # 81834245 E-Filed 12/07/2018 06:18:38 PM



IN THE CIRCUIT COURT OF THE 11ᵗʰ JUDICIAL CIRCUIT
IN AND FOR MIAMI DADE COUNTY, FLORIDA

CASE No.: 2017-21758 CA 01

CAROLINA RAMOS DOMINGUEZ,

    Plaintiff,

vs.

GULFSTREAM PARK RACING ASSOCIATION, INC.,
SAFFIE JOSEPH JR. RACING, INC. and
SAFFIE JOSEPH, JR., individually,

    Defendants.

_____

SUMMONS IN A CIVIL CASE

TO:         GULFSTREAM PARK RACING ASSOCIATION, INC

             C T CORPORATION SYSTEM
             C/O C T CORPORATION SYSTEM
             1200 SOUTH PINE ISLAND ROAD
             PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

             JASON S. REMER, ESQ.
             REMER & GEORGES-PIERRE, PLLC.
             44 WEST FLAGLER STREET
             SUITE 2200
             MIAMI, FL 33130

an answer to the First Amended Complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Harvey Ruvin,
Clerk of Courts

_____        12/11/2018
CLERK                          _____
                                    DATE

(BY) DEPUTY CLERK