UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 1:19-cv-20222-RNS

CAROLINA RAMOS DOMINGUEZ,

    Plaintiff,

vs.

GULFSTREAM PARK RACING ASSOCIATION,
INC., SAFFIE JOSEPH JR. RACING, INC. and
SAFFIE JOSEPH, JR., individually,

    Defendants.
_____/

## GULFSTREAM PARK RACING ASSOCIATION'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT

Defendant Gulfstream Park Racing Association, Inc. ("Gulfstream"), by and through undersigned counsel, hereby responds to the numbered paragraphs of the First Amended Complaint ("Complaint") filed by Plaintiff Carolina Ramos Dominguez ("Plaintiff") and asserts defenses and affirmative defenses thereto. Gulfstream does not answer or respond on behalf of any individuals or entities other than Gulfstream Park Racing Association, Inc. Gulfstream denies each and every allegation of the Complaint except as may be specifically admitted below. Gulfstream further states as follows:

### General Allegations

1. Gulfstream admits that Plaintiff purports to state a claim for damages under the Fair Labor Standards Act (FLSA), but Gulfstream denies all liability and denies that Plaintiff is entitled to any relief, whether legal, equitable, or otherwise.

2. Admitted.

3. Gulfstream is without sufficient information or knowledge with respect to the

allegations in paragraph 3, and therefore denies same.

4. Gulfstream admits that it is a Florida corporation. Gulfstream further admits that a small portion of its location and operations are in Miami-Dade County, Florida. Gulfstream denies the remaining allegations in paragraph 4.

5. Gulfstream is without sufficient information or knowledge with respect to the allegations in paragraph 5, and therefore denies same.

6. Gulfstream is without sufficient information or knowledge with respect to the allegations in paragraph 6, and therefore denies same.

7. Denied.

8. Denied.

9. Paragraph 9 does not set forth factual allegations to which a response is required. To the extent any response is required, Gulfstream denies said allegations and leaves Plaintiff to proof of same.

**Factual Allegations Common to All Counts**

10. Denied.

11. Gulfstream admits that Plaintiff was required to comply with security protocol, but denies the remaining allegations in paragraph 11.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

## **Count I**

21. Gulfstream restates and reasserts its responses to paragraphs 1-20 above as if fully set forth herein.

22. Gulfstream admits that Plaintiff purports to state a claim for damages under the FLSA, but Gulfstream denies all liability and denies that Plaintiff is entitled to any relief, whether legal, equitable, or otherwise.

23. Gulfstream admits that this Court has original federal question jurisdiction over Plaintiff's FLSA claim, but Gulfstream denies that it employed Plaintiff, denies all liability, and denies that Plaintiff is entitled to any relief, whether legal, equitable, or otherwise.

24. Paragraph 24 sets forth legal conclusions and jurisdictional allegations to which no response is required. To the extent any response is required, Gulfstream denies said allegations and leaves Plaintiff to proof of same.

25. Paragraph 25 sets forth legal conclusions and jurisdictional allegations to which no response is required. To the extent any response is required, Gulfstream denies said allegations and leaves Plaintiff to proof of same.

26. Paragraph 26 sets forth legal conclusions and jurisdictional allegations to which no response is required. To the extent any response is required, Gulfstream denies said allegations and leaves Plaintiff to proof of same.

27. Denied.

28. Denied.

29. Denied.

Plaintiff's WHEREFORE clause does not set forth factual allegations to which a response is required. To the extent any response is required, Gulfstream denies all liability and denies that Plaintiff is entitled to any relief, whether legal, equitable, or otherwise.

## Count II

The allegations in Count II are not asserted against Gulfstream, so no response from Gulfstream is due. To the extent any response from Gulfstream is due, Gulfstream denies all allegations in Count II, denies all liability, and denies that Plaintiff is entitled to any relief, whether legal, equitable, or otherwise.

## Count III

The allegations in Count III are not asserted against Gulfstream, so no response from Gulfstream is due. To the extent any response from Gulfstream is due, Gulfstream denies all allegations in Count III, denies all liability, and denies that Plaintiff is entitled to any relief, whether legal, equitable, or otherwise.

## Jury Demand

Gulfstream denies that Plaintiff has set forth triable issues against Gulfstream for jury determination.

## Defenses and Affirmative Defenses

Gulfstream asserts the following defenses and affirmative defenses to the Complaint:

1. The Complaint fails to state a claim against Gulfstream, as Gulfstream did not employ Plaintiff directly, indirectly, or jointly.

2. Plaintiff's FLSA claim is barred in whole or in part by the applicable 2-year statute of limitations, as she cannot establish a willful violation of the FLSA.

3. During all or part of the applicable limitations period, Gulfstream acted in good faith and with reasonable grounds for believing that its acts or omissions were not in violation of the FLSA, and therefore cannot be held liable for liquidated damages under the FLSA.

4. To the extent Plaintiff worked any overtime hours for which she was not paid at the applicable or appropriate overtime rate, the amount owed is *de minimis*, and liability, therefore, cannot be established under the FLSA.

5. To the extent Gulfstream is indebted to Plaintiff for any unpaid overtime compensation, the extent of Gulfstream's liability must be offset by the amounts paid or overpaid to Plaintiff during her employment with Saffie Joseph Jr. Racing, Inc. and/or Saffie Joseph, Jr.

6. Gulfstream reserves its right to seek to recover from Plaintiff and/or Plaintiff's counsel reasonable attorneys' fees and costs in connection with Gulfstream's defense of this action.

Gulfstream expressly reserves the right to add additional defenses and affirmative defenses as this case proceeds.

Respectfully submitted,

STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 789-3200
Fax:  (305) 789-3395
*Attorneys for Defendant, Gulfstream Park Racing Association, Inc.*

By: s/Andrew L. Rodman
    ANDREW L. RODMAN
    Florida Bar Number: 0192198
    E-mail: arodman@stearnsweaver.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 23, 2019, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

                                             s/Andrew L. Rodman
                                             ANDREW L. RODMAN, ESQ.

## SERVICE LIST
CASE NO. 1:19-cv-20222-RNS
United States District Court, Southern District of Florida

Jason S. Remer, Esq.
Florida Bar No. 0165580
jremer@rgpattorneys.com
Miriam Brooks, Esq.
Florida Bar No. 118144
mbrooks@rgpattorneys.com
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street, Suite 2200
Miami, FL  33130
Tel: 305-416-5000
Fax: 305-416-5005

*Attorneys for Plaintiff*
*Service via CM/ECF*

Ernesto S. Medina, Esq.
Florida Bar No. 299855
emedina0653@yahoo.com
782 NW 42nd Avenue, Suite 350
Miami, FL 33126
Tel: 305-260-0541

*Attorney for Defendants Saffie Joseph Jr. Racing, Inc. and Saffie Joseph, Jr.*
*Service via CM/ECF*